KENNETH T. DEPUTY, Defendant Below, Appellant,
v.
STATE OF DELAWARE, Plaintiff Below, Appellee.
No. 85, 2009.
Supreme Court of Delaware.
Submitted: May 14, 2009.
Decided: August 11, 2009.
Before STEELE, Chief Justice, BERGER and JACOBS, Justices.

ORDER
JACK B. JACOBS, Justice
This 11th day of August 2009, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:
(1) The appellant, Kenneth T. Deputy, filed an appeal from the Superior Court's February 11, 2009 summary dismissal of his third motion for postconviction relief pursuant to Superior Court Criminal Rule 61 ("Rule 61").[1] The appellee, State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[2] We agree and affirm.
(2) In 1997, a Superior Court jury convicted Deputy of Attempted Robbery in the First Degree, Assault in the First Degree, and Possession of a Deadly Weapon During the Commission of a Felony. Deputy was sentenced to a total of twenty-seven years at Level V incarceration, suspended after twenty-two years for decreasing levels of supervision.
(3) On direct appeal, this Court affirmed Deputy's convictions and sentence pursuant to Supreme Court Rule 26(c).[3] Thereafter, Deputy unsuccessfully sought review of his convictions in various postconviction motions, sentence correction motions, and a petition for a writ of habeas corpus.[4]
(4) In this appeal, Deputy raises the same claims that he raised in his third motion for postconviction relief, arguing that the Superior Court abused its discretion when denying the motion on procedural grounds.[5] Deputy also argues that the Superior Court improperly denied his motion for transcripts and other documents at State expense.
(5) Having considered the opening brief, the motion to affirm and the Superior Court record, the Court concludes that this motion should be granted. The Superior Court did not err in determining that Deputy's third motion for postconviction relief was procedurally barred pursuant to Rule 61(i)(1), (2) and (4).[6] Consideration of Deputy's claims on appeal is not warranted either in the interest of justice, or on the basis that the Superior Court lacked jurisdiction, or on the basis of a constitutional violation.[7] Nor has Deputy demonstrated that the Superior Court abused its discretion when denying his motion for transcripts and other documents at State expense.
NOW, THEREFORE, IT IS ORDERED that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] See Del. Super. Ct. Crim. R. 61(i) (listing procedural bars to postconviction relief).
[2] Del. Supr. Ct. R. 25(a).
[3] See Deputy v. State, 1998 WL 700168 (Del. Supr.) (affirming judgment of the Superior Court).
[4] See State v. Deputy, 1999 WL 743921 (Del. Super. Ct.) (denying postconviction relief); Deputy v. State, 2000 WL 313437 (affirming denial of postconviction relief); Deputy v. State, 2003 WL 1890011 (Del. Supr.) (affirming denial of postconviction relief); Deputy v. State, 2005 WL 1076511 (Del. Supr.) (affirming denial of motion for correction of sentence); Deputy v. State, 2005 WL 3358527 (Del. Supr.) (affirming denial of motion for correction of sentence); Deputy v. State, 2008 WL 725058 (Del. Supr.) (affirming denial of habeas corpus petition).
[5] Those claims as summarized are illegal arrest, lack of jurisdiction, erroneous jury instruction, defense counsel's conflict of interest, and ineffective assistance of counsel.
[6] See Del. Super. Ct. Crim. R.61(i)(1) (barring claim filed more than three years after judgment is final or after newly recognized retroactively applicable right (amended 2005 to reduce limitations period to one year for conviction final after July 1, 2005)); (i)(2) (barring repetitive motions); (i)(4) (barring formerly adjudicated claims). See also Maxion v. State, 686 A.2d 148, 150 (Del. 1996) (providing that the Superior Court must address the procedural requirements of Rule 61 before reaching the merits of any postconviction claims).
[7] See Del. Super. Ct. Crim. R. 61(i)(4) (providing for reconsideration of formerly adjudicated claim in interest of justice); (i)(5) (providing that procedural bar is inapplicable to a jurisdictional claim or to a colorable claim of a constitutional violation).