# IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH T. DEPUTY, | § | |
| | § | No. 219, 2014 |
| Defendant-Below, | § | |
| Appellant, | § | |
| | § | |
| v. | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| STATE OF DELAWARE, | § | in and for Kent County |
| | § | Cr. ID 9612008864 |
| Plaintiff-Below, | § | |
| Appellee. | § | |

Submitted: June 11, 2014
Decided: July 14, 2014

Before **STRINE**, Chief Justice, **HOLLAND**, and **BERGER**, Justices.

## **O R D E R**

This 14th day of July 2014, upon consideration of the opening brief, the appellee's motion to affirm under Supreme Court Rule 25(a), and the record, it appears to the Court that:

(1)    The defendant-appellant, Kenneth T. Deputy, filed this appeal from the Superior Court's summary dismissal of his fifth motion for postconviction relief. The State of Delaware has filed a motion to affirm the judgment below on the ground that it is manifest on the face of Deputy's opening brief that his appeal is without merit.[1]  We agree and affirm.

---

[1] Supr. Ct. R. 25(a).

(2) In September 1997, Deputy was found guilty by a Superior Court jury of attempted first degree robbery, first degree assault, and possession of a deadly weapon during the commission of a felony. Deputy was sentenced to twenty-seven years of Level V incarceration, suspended after twenty-two years for decreasing levels of supervision. This Court affirmed Deputy's convictions on direct appeal.[2] Since then, Deputy has filed four unsuccessful motions under Superior Court Criminal Rule 61 ("Rule 61")[3] and an unsuccessful habeas corpus petition in federal court.[4]

(3) On September 6, 2013, Deputy filed his fifth motion for postconviction relief with a supporting memorandum of law. Deputy also moved for an evidentiary hearing, appointment of counsel, and transcripts. On April 17, 2014, the Superior Court summarily dismissed Deputy's fifth postconviction motion as barred under Rule 61(i)(1), (i)(2), (i)(3), and (i)(4). The Superior Court denied the motion for an evidentiary hearing and the motion for appointment of counsel as moot and denied the motion for transcripts. This appeal followed.

---

[2] *Deputy v. State*, 1998 WL 700168 (Del. Aug. 10, 1998).

[3] *Deputy v. State*, 2010 WL 3003075 (Del. Aug. 2, 2010) (affirming summary dismissal of fourth postconviction motion); *Deputy v. State*, 2009 WL 2448235 (Del. Aug. 11, 2009) (affirming summary dismissal of third postconviction motion); *Deputy v. State*, 2003 WL 1890011 (Del. Apr. 17, 2003) (affirming summary dismissal of second postconviction motion); *Deputy v. State*, 2000 WL 313437 (Del. Mar. 9, 2000) (affirming denial of first postconviction motion).

[4] *Deputy v. Garraghty*, 2001 WL 640982 (D. Del. June 4, 2001).

(4)     This Court reviews the Superior Court's denial of postconviction relief for abuse of discretion and questions of law *de novo*.[5]  The Court must consider the procedural requirements of Rule 61 before addressing any substantive issues.[6]

(5)     In his fifth postconviction motion and the accompanying memorandum, Deputy claimed: (1) the procedural bars of Rule 61 should not apply because unbriefed points raised by Deputy in connection with his counsel's preparation of a Supreme Court Rule 26(c) ("Rule 26") brief should not have been considered on direct appeal; (2) there was misconduct and perjury by the arresting officer; (3) a photo line-up was impermissibly suggestive; (4) the arrest warrant and indictment were defective; (5) the Superior Court should have given a missing evidence instruction after a photo array was lost or destroyed between Deputy's first and second trials;[7] (6) there was insufficient evidence supporting his convictions; (7) there was corruption and misconduct by court officials, police, prosecutors, and public defenders; (8) his trial counsel's filing of a Rule 26(c) brief was improper and unconstitutional;  and (9) ineffective assistance of counsel based upon conflicts of interest and the failure to challenge the indictment, move to

---

[5] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

[6] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[7] The first trial resulted in a hung jury and mistrial.

3

suppress the photo array, continue challenging the loss of the photo array after the trial court denied defense counsel's motion to dismiss, request a lost evidence instruction, move for judgment of acquittal, and advocate for Deputy at sentencing. Deputy essentially claims that he is entitled to relief in the interests of justice or due to a miscarriage of justice under Rule 61(i)(5).

(6)  All of the claims in Deputy's fifth postconviction motion have previously been raised and rejected,[8] and are therefore procedurally barred under Rule 61(i)(4).  This Court has also previously found that consideration of Deputy's claims was not warranted in the interest of justice under Rule 61(i)(2) and (i)(4), that there was no evidence of any cause for relief from the procedural default or any prejudice resulting from a violation of Deputy's rights under Rule 61(i)(3), and that there was no evidence the Superior Court lacked jurisdiction or that there was

---

[8] *Deputy v. State*, 2010 WL 3003075 (Del. Aug. 2, 2010) (affirming summary dismissal of fourth postconviction motion, which included claims based on defective indictment, lack of missing evidence instruction, and ineffective assistance of counsel for failing to challenge indictment); *Deputy v. State*, 2009 WL 2448235 (Del. Aug. 11, 2009) (affirming summary dismissal of third postconviction motion, which included claims based on Rule 26(c) brief, arrest warrant, and ineffective assistance of counsel for failure to challenge loss of photo array); *Deputy v. State*, 2003 WL 1890011 (Del. Apr. 17, 2003) (affirming summary dismissal of second postconviction motion, which included virtually all of claims raised in fifth postconviction motion); *Deputy v. State*, 2000 WL 313437 (Del. Mar. 9, 2000) (affirming denial of first postconviction motion, which included claims based on misconduct by arresting officer, suggestive photo identification, and insufficient evidence); *Deputy v. State*, 1998 WL 700168 (Del. Aug. 10, 1998) (finding no plain error in connection with arrest, arrest warrant, and indictment claims, finding no error in denial of motion to dismiss based upon missing photo array, concluding there was sufficient evidence, and affirming convictions); *Deputy v. State*, 1999 WL 743921 (Del. Super. Ct. Sept. 17, 1999) (adopting commissioner's report and recommendations and dismissing first postconviction motion), *aff'd*, *Deputy v. State*, 2000 WL 313437 (Del. Mar. 9, 2000) .

a miscarriage of justice due to a constitutional violation under Rule 61(i)(5).[9]

Deputy has not established any reason for a different result here. Deputy's vague references to recent issues with drug evidence at the medical examiner's office (which arose more than a decade after Deputy's non-drug related convictions) and conclusory and unsupported claims of actual innocence do not satisfy the interest of justice exception under Rule 61(i)(2) and (i)(4) or state a colorable claim of a miscarriage of justice under Rule 61(i)(5).[10] Nor does *Zebroski v. State*,[11] in which this Court remanded the Superior Court's dismissal of a second postconviction motion in a death penalty case because the Superior Court had not addressed the interest of justice or miscarriage of justice exceptions, dictate a different result. Unlike the claims in *Zebroski*, Deputy's claims have been rejected numerous times and this Court has previously found reconsideration of his claims unwarranted under the Rule 61 interest of justice and miscarriage of justice exceptions.

---

[9] *Deputy v. State*, 2010 WL 3003075 (Del. Aug. 2, 2010); *Deputy v. State*, 2009 WL 2448235 (Del. Aug. 11, 2009); *Deputy v. State*, 2003 WL 1890011 (Del. Apr. 17, 2003).

[10] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990) (explaining that conclusory statements do not satisfy the interest of justice exception under Rule 61(i)(2) and (i)(4) or the miscarriage of justice exception under Rule 61(i)(5)). Cases in which this Court has previously found that the interests of justice require an exception to the procedural bars of Rule 61(i)(2) or (i)(4) have involved specific allegations of compelling subsequent factual or legal developments that suggest, for example, that a conviction was procured by false testimony or that the court lacked the authority to punish the defendant. *See, e.g.*, *Weedon v. State*, 750 A.2d 521, 528 (Del. 2000) (finding an exception in the interest of justice under Rule 61(i)(4) where multiple witnesses recanted their testimony).

[11] 12 A.3d 1115 (Del. 2010).

(7)     In light of this record, the Superior Court did not abuse its discretion in dismissing Deputy's fifth postconviction motion as procedurally barred, denying his motions for appointment of counsel and an evidentiary hearing as moot, and denying his motion for transcripts.

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED and the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice