IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| KENNETH T. DEPUTY, | § | |
| | § | No. 325, 2015 |
| Plaintiff Below- | § | |
| Appellant, | § | Court Below: Superior Court |
| | § | of the State of Delaware, |
| v. | § | in and for Kent County |
| | § | |
| GREG A. DONOPHAN, *et al.*, | § | C.A. No. K15C-06-011 |
| | § | |
| Defendants Below- | § | |
| Appellees. | § | |

Submitted: October 16, 2015
Decided: December 16, 2015

Before **HOLLAND**, **VALIHURA**, and **SEITZ**, Justices.

# **O R D E R**

This 16th day of December 2015, upon consideration of the parties'
briefs and the record on appeal, it appears to the Court that:

(1)  The appellant, Kenneth Deputy, was convicted in 1997 of
Attempted Robbery in the First Degree, Assault in the First Degree, and
Possession of a Deadly Weapon during the Commission of a Felony. He
was sentenced to serve a total period of twenty-two years in prison followed
by decreasing levels of supervision.[1] Since that time, Deputy has filed
numerous unsuccessful petitions seeking to challenge the validity of his

_____

[1] *See Deputy v. State*, 1998 WL 700168 (Del. Aug. 10, 1998) (affirming Deputy's
convictions and sentence on direct appeal).

convictions and sentence.[2] Deputy's latest attempt seeking to challenge his convictions and sentence was the filing of a civil complaint against various State actors, including police officers, lawyers and judges, who were involved in his criminal case through the years. On June 9, 2015, the Superior Court dismissed Deputy's civil complaint as legally frivolous. This appeal followed.

(2) After careful consideration of the parties' briefs on appeal, we find it manifest that the judgment below must be affirmed. To the extent that Deputy's civil complaint sought to overturn his criminal convictions and request his early release from incarceration, his complaint is frivolous because the exclusive remedy for such relief is available only through Superior Court Criminal Rule 61.[3] His attempt to avoid the procedural bars of Rule 61 by filing a civil complaint is unavailing. Moreover, to the extent Deputy's complaint sought damages for the State's alleged wrongful

---

[2] *Deputy v. State*, 2014 WL 3511720 (Del. July 14, 2014) (affirming the denial of Deputy's fifth motion for postconviction relief); *Deputy v. State*, 2010 WL 3003075 (Del. Aug. 2, 2010) (affirming the denial Deputy's fourth motion for postconviction relief); *Deputy v. State*, 2009 WL 2448235 (Aug. 11, 2009) (affirming the denial of Deputy's third motion for postconviction relief); *Deputy v. State*, 2008 WL 725058 (Del. Mar. 18, 2008) (affirming the denial of habeas corpus relief); *Deputy v. State*, 2003 WL 1890011 (Del. Apr. 17, 2003) (affirming the denial of Deputy's second motion for postconviction relief); *Deputy v. State*, 2000 WL 313437 (Del. Mar. 9, 2000) (affirming the denial of Deputy's first motion for postconviction relief).

[3] *See* Super. Ct. Crim. R. 61(a)(2) (2015).

2

criminal prosecution of him, his complaint is frivolous because the legality of his convictions has been established.[4]

(3)  Deputy has unsuccessfully pursued postconviction relief under Rule 61 five different times.  He refuses to accept the court's rulings on his motions.  We conclude that Deputy's untimely, repetitive, and frivolous filings constitute an abuse of the judicial process.  Thus, the Clerk of this Court is directed to refuse any future filing from Deputy related to these criminal convictions and sentences unless the filing is accompanied by the required filing fee or a completed motion to proceed *in forma pauperis* with a sworn affidavit containing the certifications required by 10 *Del. C.* § 8803(e)[5] and that motion is first granted by the Court.

---

[4] *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (holding that one element that "must be alleged and proved in a malicious prosecution action is termination of the prior criminal proceeding in favor of the accused.").

[5] 10 *Del. C.* § 8803(e) provides:

When a court finds that a litigant has abused the judicial process by filing frivolous or malicious litigation, the court may enjoin that litigant from filing future claims without leave of court.  When so enjoined, any future requests to file claims must be accompanied by an affidavit certifying that:

(1)  The claims sought to be litigated have never been raised or disposed of before in any court;
(2)  The facts alleged are true and correct;
(3)  The affiant has made a diligent and good faith effort to determine what relevant case law controls the legal issues raised;
(4)  The affiant has no reason to believe the claims are foreclosed by controlled law; and
(5)  The affiant understands that the affidavit is made under penalty of perjury.

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice