# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK GUESS, | ) | ID NO. 1111020337 |
| | ) | |
| Defendant. | ) | |

Date Submitted: April 11, 2014
Date Decided: July 15, 2014

On Defendant's Motion for Post-Conviction Relief. **DENIED.**

## <u>ORDER</u>

James A. Robb, Esq., 76 Lynthwaite Farm Lane, Wilmington, Delaware 19803. Attorney for Defendant.

Ross A. Flockerzie, Esquire, Assistant Public Defender, Public Defender of the State of Delaware, 820 North French Street, 3rd Floor, Wilmington, DE, 19801, Trial Attorney for the Defendant.

Kate S. Keller, Esq., Delaware Department of Justice, Carvel State Office Building, 820 N. French Street, Wilmington, Delaware 19801. Attorney for the State.

**Scott, J.**

On this 15th day of July, 2014 and upon consideration of the Defendant's Motion for Post-conviction Relief, it appears to the Court that:

1. Defendant Mark Guess ("Defendant") was being investigated in connection with several robberies in Delaware and Pennsylvania during the summer of 2011. Between July and September, the New Castle Police Department ("NCCPD") obtained three warrants, each having a thirty-day expiration period, in order to install a GPS tracking device to monitor a vehicle that the Defendant was operating. The third warrant was ordered on September 9, 2011. In October, the GPS data and a witness indicated that the vehicle had been in the areas where two separate robberies occurred in Pennsylvania. Consequently, on October 20, 2011, the Pennsylvania State Police obtained a warrant from the Court of Common Pleas of Philadelphia County for ninety days of GPS tracking. In December, NCCPD noticed that the GPS device was indicating that the vehicle was in a Delaware neighborhood. NCCPD stopped Defendant after leaving a townhome in the neighborhood and he was ultimately charged with several counts of Burglary in the Second Degree, Attempted Burglary in the Second Degree, felony and misdemeanor Theft, and one count of Unlawful Use of a Credit Card.

2. On December 6, 2012, Defendant's trial counsel, Ross A. Flockerzie, Esquire ("Attorney Flockerzie"), filed a motion to suppress in order to exclude the evidence obtained through the use of the GPS device. On February 1, 2013,

2

the Court held a suppression hearing and denied the motion. However, during the hearing, an issue arose as to whether the police complied with the terms of the Pennsylvania GPS warrant; thus, the Court requested a supplemental affidavit from the State as to whether the vehicle was physically touched in Philadelphia County. On March 13, 2013, the State submitted an unsworn supplemental affidavit from Trooper Michael Peterson ("Trooper Peterson") of the Pennsylvania State Police.[1] Trooper Peterson explained that, because the GPS was previously installed by Delaware authorities pursuant to a Delaware warrant, the device did not need to be reinstalled by Pennsylvania State Police. However, he stated that, to his knowledge, the device was not physically touched by Pennsylvania authorities and that he was present when Delaware detectives replaced the battery in November.

3.      On March 15, 2013, Attorney Flockerzie e-mailed the attorneys for the State and informed them that Defendant stated that he was willing to sign the plea agreement as long as the vehicle was returned to its owner.[2] Otherwise, Defendant desired to proceed to trial and Attorney Flockerzie would request a supplemental hearing "in light of Trooper Peterson's affidavit."[3] Trial was scheduled to begin on March 26, 2013.

---

[1] D.I. 112.
[2] Def. Mot. for Post-Conviction Relief, Ex. 1.
[3] *Id.*

4. On March 21, 2013, Defendant pled guilty to one count of Burglary Second Degree and one count of Theft over $1,500 and was sentenced to eight years at Level 5. On June 14, 2013, Defendant filed a *pro se* Motion for Modification of Sentence, which was denied on June 21, 2014. On January 14, 2014, Defendant, through James A. Robb, Esquire, filed this Motion for Post-Conviction Relief, requesting an evidentiary hearing and alleging ineffective assistance counsel.

5. Defendant claims that Attorney Flockerzie was ineffective in that he failed to request a supplemental suppression hearing after Trooper Peterson submitted his affidavit stating that the Pennsylvania authorities had not touched the vehicle. Defendant argues that Attorney Flockerzie's failure to request the hearing left him "faced with trial on the day of the plea with the contested evidence valid to be presented, and was therefore unduly pressured to enter the pleas of guilty…"[4] Defendant has submitted a March 18, 2013 e-mail from Attorney Flockerzie to a staff member at the Office of the Public Defender.[5] The e-mail contained a draft letter to Court requesting the supplemental hearing and instructions to the staff member to place the letter on letterhead and include the individuals to whom the letter would be copied. Defendant notes that

---

[4] Def. Mot. for Post-conviction Relief at 4.
[5] Def. Mot. for Post-conviction Relief, Ex. A.

4

Attorney Flockerzie did not file this letter or any other filing regarding a supplemental hearing before Defendant entered his plea.

6.     Attorney Flockerzie has submitted an affidavit in which he admitted that he did not seek a supplemental suppression hearing, but also explained that "after the suppression hearing, the State made a new plea offer which he discussed with the Defendant."[6] He attached the transcript from the entry of the plea in which he stated to the Court: "This has been a heavily negotiated plea. There were a number of suppression issues, most of which were denied at the suppression hearing. There was a recent suppression issue which arose. And it was in light of that issue which we've come to an agreement."[7] The State argues that it was reasonable for Attorney Flockerzie not to request a supplemental suppression hearing because the State had presented a revised plea agreement which rendered the supplemental hearing unnecessary.

7.     Defendant's motion satisfies the procedural requirements set forth in Del. Super. Ct. Civ. Rule 61(i);[8] therefore, Court will decide whether Defendant has asserted a valid claim for ineffective assistance of counsel.[9] In cases where a defendant has entered a plea, the analysis for ineffective

---

[6] Flockerzie Affidavit at ¶ 1.

[7] Flockerzie Affidavit, Ex. A, Plea Trans. 6:18-7:1.

[8] There are four procedural bars to relief under Rule 61(i): the time limitations under Rule 61(i)(1), repetitive motions under Rule 61(i)(2), procedural default under Rule 61(i)(3), and formerly adjudicated grounds under Rule 61(i)(4).

[9] *See Younger v. State*, 580 A.2d 552, 554 (Del. 1990)( "This Court applies the rules governing procedural requirements before giving consideration to the merits of the underlying claim for postconviction relief.")

assistance under *Strickland*[10] "requires a defendant to show that: (1) counsel's representation fell below an objective standard of reasonableness; and (2) counsel's actions were so prejudicial that there is a reasonable probability that, but for counsel's errors, the defendant would not have pleaded guilty and would have insisted on going to trial."[11] When considering the reasonableness prong, the Court affords counsel a "strong presumption of reasonableness"[12] and "evaluate[s] the conduct from counsel's perspective at the time."[13] Courts presume the reasonableness of counsel's conduct in order "to eliminate the distorting effects of hindsight in examining a strategic course of conduct that may have been within a range of professional reasonableness at the time."[14]

8.      Based on the record, the Court finds that it was objectively reasonable for Attorney Flockerzie not to request the supplemental suppression hearing because he was actively negotiating the plea for the Defendant while taking into account the ground for suppression (*i.e.*, Trooper Peterson's affidavit concerning the Pennsylvania warrant). In Attorney Flockerzie's March 15, 2013 e-mail to the State, he communicated Defendant's request to have the vehicle returned to its owner and also stated that he would be filing the motion to suppress if the plea agreement could not be reached. Additionally, at the

---

[10] 466 U.S. 668 (1984).

[11] *Somerville v. State*, 703 A.2d 629, 631 (Del. 1997)(internal quotations and citations omitted).

[12] *Smith v. State,* 991 A.2d 1169, 1174 (Del. Supr. 2010)(quoting *Strickland,* 466 U.S. at 689)(internal quotations omitted).

[13] *Id.*

[14] *Somerville*, 703 A.2d at 631.

6

entry of the plea, Attorney Flockerzie informed the Court that the plea had been "heavily negotiated" and that it was "in light of" "the recent suppression issue which arose" that the State and the Defendant had "come to an agreement."[15] It is evident through these facts that Attorney Flockerzie did not request a supplemental hearing due to the plea negations and that those negotiations took into account Trooper Peterson's affidavit. Therefore, Attorney Flockerzie's conduct did not fall below an objective standard of reasonableness.

9. Since the Court finds Attorney Flockerzie's conduct to be objectively reasonable, the Court need not address whether Defendant was prejudiced.[16] Nevertheless, the Court does note that Defendant was not "faced with trial on the day of the plea" nor was he "unduly pressured to enter the pleas of guilty."[17] Defendant entered his plea on March 21, 2013 and the day of the trial was March 26, 2013. Exercising its discretion under Rule 61(h)(1),[18] the Court does not find that an evidentiary hearing is necessary as the parties' submissions, Attorney Flockerzie's affidavit, transcripts, and the file show that Attorney Flockerzie's conduct was reasonable.[19]

---

[15] Flockerzie Affidavit, Ex. A, Plea Trans. 6:18-7:1.
[16] *Neal v. State*, 80 A.3d 935, 950 (Del. 2013); *State v. Jamison*, 2001 WL 258626, at *3 (Del. Super. Mar. 13, 2001) *aff'd,* 791 A.2d 750 (Del. 2002).
[17] Def. Mot. for Post-conviction Relief at 4.
[18] Rule 61(h)(1) states: "After considering the motion for postconviction relief, the state's response, the movant's reply, if any, the record of prior proceedings in the case, and any added materials, the judge shall determine whether an evidentiary hearing is desirable."
[19] *Maxion v. State*, 686 A.2d 148, 151 (Del. 1996); *State v. Melendez*, 2003 WL 23095688, at *7 (Del. Super. Dec. 19, 2003) *aff'd,* 858 A.2d 960 (Del. 2004).

10.    For the reasons stated herein, Defendant's Motion for Post-conviction relief is **DENIED**.

**IT IS SO ORDERED.**

*/s/ Calvin L. Scott*
**Judge Calvin L. Scott, Jr.**