## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | ) | |
| | ) | |
| | ) | **Crim. ID No. 1311014669** |
| v. | ) | |
| | ) | **Cr. A. Nos. 14-03-0802-0803** |
| | ) | |
| COREY M. HARRELL, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: April 7, 2017
Decided: June 5, 2017

## ORDER DENYING MOTION FOR POSTCONVICTION RELIEF

This 5th day of June, 2017, upon consideration of Corey M. Harrell's ("Harrell") Motion For Postconviction Relief (D.I. 115); the State's Response thereto (D.I. 127); Attorney John P. Deckers Affidavit (D.I. 123); Harrell's Reply (D.I. 133) and the record in this matter, it appears to the Court that:

(1)     The Defendant, Corey M. Harrell, fought with 17-year-old Darby Ford over a cell phone that was used to transact drug sales.  Harrell lost the fight and the phone.  The next day, in an attempt to regain the phone, an armed Harrell lured Ford to an apartment complex under the guise of a drug transaction.  Once there, Harrell shot Ford twice.  Ford was killed.  Harrell took the cell phone and fled the crime scene. Three months later, Harrell was found hiding out in Philadelphia.

(2) Harrell was indicted on March 17, 2014, for Murder in the First Degree and Possession of a Firearm During the Commission of a Felony ("PFDCF") and he retained John P. Deckers, Esquire, in May 2014.[1] Mr. Deckers first appeared on Harrell's behalf later that month at his arraignment.

On March 13, 2015, Harrell pleaded guilty to Murder Second Degree and PFDCF. He did so in exchange for the reduction of the first degree murder charge and a favorable joint sentencing recommendation.[2] Following a presentence investigation, Harrell was sentenced on August 21, 2015, to serve: (a) for Murder Second Degree – 40 years at Level V, suspended after 30 years for ten years at Level IV, suspended after six months for two years at Level III; and (b) for PFDCF – four years at Level V.[3] The first 18 years of his cumulative sentence are comprised of minimum terms of incarceration that must be imposed and cannot be suspended.[4]

---

[1] Indictment, *State v. Harrell*, ID. No. 1311014669 (Del. Super. Ct. Mar. 17, 2014). *See* DEL. CODE ANN. tit. 11, § 636 (2013) (murder in the First degree); *id.* at § 1447A (a) & (b) (possession of a firearm during the commission of a felony).

[2] Plea Agreement and TIS Guilty Plea Form, *State v. Corey M. Harrell*, ID No. 1311014669 (Del. Super. Ct. Mar. 13, 2015) ("State and Defendant agree to recommend not less than 32 years at LV, and no more than 36 years at Level V, combined.").

[3] Sentencing Order, *State v. Corey M. Harrell*, ID No. 1311014669 (Del. Super. Ct. Aug. 21, 2015).

[4] *See* DEL. CODE ANN. tit. 11, §§ 635 and 4205(b)(1) (2013) (second degree murder is a class A felony with a minimum term of 15 years at Level V); *id.* at 1447A(b) (the minimum term for possession of a firearm during the commission of a felony is three years at Level V).

(3)  Harrell, acting *pro se*, filed this first and timely motion for postconviction relief under Superior Court Criminal Rule 61.[5]  Harrell complains he was provided with ineffective assistance of counsel.  According to him, Mr. Deckers: (a) failed to investigate the case and potential defenses thereto; (b) failed to adequately communicate with Harrell and provide adequate information related to the evidence against him; (c) provided improper advice regarding the entry of a guilty plea; and (d) allowed him to enter a guilty plea under "duress".[6]  Harrell submitted a motion and memorandum of law in support of his claims (D.I. 115), Mr. Deckers submitted an affidavit per the Court's order to expand the record (D.I. 123), the State submitted its response (D.I. 127), and Harrell submitted a reply brief (D.I. 133).

(4)  An inmate who claims ineffective assistance of counsel must demonstrate that:  (a) his defense counsel's representation fell below an objective standard of reasonableness, and (b) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.[7]  When

---

[5]  Delaware Courts must consider Rule 61's procedural requirements before addressing any substantive issues. *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept. 10, 2002). Here, there are no *procedural* impediments to consideration of Harrell's ineffective assistance claims.

[6]  Def.'s Rule 61 Mot., at 3-26.

[7]  *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, an inmate must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[8] There is always a strong presumption that counsel's representation was reasonable,[9] and "[i]t is not this Court's function to second-guess reasonable trial tactics"[10] or reasonable advice regarding a plea resolution. For "[e]ven the best criminal defense attorneys would not defend a particular client the same way."[11] And there is, quite simply, a wide range of legitimate decision making that might be made by a competent attorney.[12] Lastly, an inmate may not rely on conclusory statements that he suffered ineffective assistance; he must instead plead all allegations of prejudice with particularity.[13]

(5) First, Harrell's claim that Mr. Deckers failed to investigate and explore potential defenses is belied by the record. Harrell says Mr. Deckers "failed

---

[8] *See Albury v. State*, 551 A.2d 53, 59 (1988); *Sartin v. State*, 2014 WL 5392047, at *2 (Del. Oct. 21, 2014) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)); *State v. Hackett*, 2005 WL 3060976, at *3 (Del. Super. Ct. Nov. 15, 2005).

[9] *See Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[10] *State v. Drummond*, 2002 WL 524283, at *1 (Del. Super. Ct. Apr. 1, 2002).

[11] *Strickland*, 466 U.S. at 690.

[12] *Id.* at 688-89; *Moore v. Deputy Commissioner(s) of SCI-Huntingdon*, 946 F.2d 236, 246 (3d Cir. 1991) (even if reviewing court would advise another course).

[13] *See Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)).

to identify any favorable evidence . . . or present any probable defenses to the State's charges"[14] and failed to "identify exactly what evidence was disclosed pursuant to the protective order that was not otherwise subject to disclosure in advance of trial."[15] Harrell provides neither record support for these assertions nor an explanation as to what may have been missed. His mere conclusory allegations of ineffective assistance of counsel do not establish that his counsel's representation was objectively unreasonable.[16] And contrary to Harrell's contentions, the record demonstrates that Mr. Deckers met with Harrell regularly pre-trial, engaged in multiple discussions of the evidence with him, and reviewed with him numerous potential defenses.[17] While defense counsel has a general duty to investigate, he need not travel blind alleys in hope they might lead to something helpful to his client's case.[18] Together, Harrell and Mr. Deckers considered and ruled out alibi, another shooter, self-defense, mental health defenses, accident,

---

[14]     Def.'s Rule 61 Mot., at 6.

[15]     Def.'s Reply, at 3.

[16]     *Dawson*, 673 A.2d at 1196.

[17]     Def. Counsel's Aff., at 5; *id.*, Ex. E, at 3.

[18]     *See Alston*, 2015 WL 5297709, at **2-3 (explaining that defense counsel is not required to pursue all lines of investigation about potentially mitigating evidence). *Sartin*, 2014 WL 5392047, at *3 (not unreasonable to limit mental health investigation when there was no indication client's mental health issues rose to the level of a viable defense).

lesser-offenses, and a general reasonable doubt defense.[19]  But Mr. Deckers went further and discussed various of these defenses with Harrell's family members and identified why they were unlikely to be successful if presented at trial.[20]  Contrary to Mr. Harrell's belief, Mr. Deckers found that the protective order did not hinder his trial preparation or communication with his client; in fact, it allowed him the benefit of access to witness statements he would not have otherwise received until far later.[21]  During his plea colloquy, Harrell stated that he had adequate time to talk to Mr. Deckers about the evidence in his case, the defenses he may have to his crimes, and that he was satisfied with Mr. Deckers' representation.  Moreover, he believed Mr. Deckers did all he could do for him in relation to the charges he was facing.[22]  There being no contrary evidence, Harrell fails to show Mr. Deckers' investigation of the case and potential defenses fell below an objective standard of reasonableness.  Lastly, for a claim of ineffective assistance of counsel to prevail, the defendant must make concrete allegations of actual prejudice and substantiate

---

[19]     Def. Counsel's Aff., at 4-5; *id.*, Ex. E, at 3.

[20]     Def. Counsel's Aff., at 5.

[21]     *Id.* at 4. *See also* State's Aff., at 10-11 (discussing the need for the protective order and the amount of circumstantial evidence against Harrell).

[22]     *See* Plea Colloquy Tr., at 19-20.

them.[23] There is also no showing that but for Mr. Deckers' alleged "failure to investigate," Harrell would have insisted on proceeding to trial.[24]

(6) Second, Harrell's claim that Mr. Deckers failed to communicate is conclusory and without record support. Harrell alleges that Mr. Deckers failed to: (a) provide him with adequate information related to the evidence against him causing him to uninformedly enter his guilty plea; and (b) that Mr. Deckers failed to adequately communicate the terms and conditions of the proffered plea agreement. The interaction outlined above evidences thorough communication about the evidence and potential defenses. The record further demonstrates that Mr. Deckers "reviewed each and every term, condition, and consideration [of the plea agreement] with Harrell."[25] Mr. Deckers contemporaneously documented during his ongoing representation that Harrell himself questioned whether he even needed to review the evidence further because he (Harrell) "already knows what the evidence is . . . and has no interest in reviewing the evidence any further."[26] The guilty plea colloquy confirms that Harrell's decision to enter a guilty plea was knowing, voluntary, and the product of an intelligent decision made with an

---

[23] *See Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996); *Wright*, 671 A.2d at 1356.

[24] *See e.g., Alston*, 2015 WL 5297709, at **3 (Del. 2015); *Sartin*, 2014 WL 5392047, at *2; *Dawson*, 673 A.2d at 1196.

[25] Def. Counsel's Aff., at 9. *See id.* Ex. F.

[26] *Id.* Ex. E, at 2.

-7-

adequate opportunity to discuss all aspects of his case with Mr. Deckers.[27] There is simply no evidence of substandard representation here. And so, on this basis alone Harrell's claim of ineffective assistance must fail.[28]

(7) Third, Harrell argues that he received improper advice from Mr. Deckers regarding his decision to enter the guilty plea. After discovery, reviewing the evidence with Harrell (and his family), and thoroughly discussing various defenses, Mr. Deckers noted it was Harrell who initiated the discussion regarding a potential plea agreement as he recognized the quantum of evidence against him.[29] Mr. Deckers outlined the substantial evidence against Harrell that he felt was unrebutted: Harrell's recent fight with Ford before the shooting, Ford's theft of Harrell's cell phone followed by an unsuccessful attempt to replace it, the purchase of a new cell phone, Harrell's fingerprints on the cell phone box that was left in the apartment where the shooting occurred, the phony drug transaction, and numerous witnesses confirming Harrell's presence at the murder scene.[30] When discussing the possibility of a plea agreement, Mr. Deckers in no way advised Harrell that he had no chance at trial. To the contrary, he explained that "trials are won and lost in

---

[27] *See* Plea Colloquy Tr., at 9-10, 19-20.

[28] *See, e.g., State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011) ("If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails.").

[29] Def. Counsel's Aff., at 5. *See id.* Ex. E, at 2. *Id.* Ex. F.

[30] Def. Counsel's Aff., at 7.

the courtroom . . . and witnesses do not always act and testify in a manner consistent with what's contained in the reports."[31] That said, Mr. Deckers also provided a realistic assessment of the risks at trial. Notwithstanding the State's strong case, the prosecutrix found that the facts and circumstances warranted a plea offer.[32] Yet, it is clear that as long as Harrell resisted any plea offer, Mr. Deckers was fully prepared for trial and to mount the strongest defense he could muster.[33] Again, other than conclusory allegations that are unsupported by the record, Harrell has provided the Court with nothing that demonstrates either deficient representation of or prejudice to Harrell. Mr. Deckers's plea advice to Harrell was sound.

(8)    Lastly, Harrell's claim that Mr. Deckers allowed him to enter into a guilty plea under duress and that, but for Mr. Deckers's errors, he would have never pleaded guilty is unsupported by the record. During Harrell's plea colloquy, Mr. Deckers represented that he discussed the charge and potential sentence with Harrell, and that Harrell understood the consequences of accepting the plea agreement.[34] Subsequently, Harrell confirmed that Mr. Deckers explained the plea

---

[31]    *Id.* at 5.

[32]    *Id.* Ex. E, at 1.

[33]    Def. Counsel's Aff., at 9.

[34]    Plea Colloquy Tr., at 6-9.

forms, the evidence in his case, and any possible defenses.[35]    Harrell also confirmed that no one forced or threatened him into pleading guilty and that he fully understood the plea agreement.[36] Put simply, there is no evidence of "duress" in the record.  There being no clear and convincing contrary evidence, Harrell is bound by his answers on the guilty form and during his colloquy.[37]

(8)    Harrell has not met his burden of demonstrating that Mr. Deckers' representation fell below an objective standard of reasonableness or that, but for counsel's errors, he would not have pleaded guilty and instead proceeded to trial. Accordingly, Harrell's Motion For Postconviction Relief must be **DENIED.**

**SO ORDERED this 5th day of June, 2017.**

**Paul R. Wallace, Judge**

---

[35]    *Id.* at 18-21.

[36]    *Id.* at 18-20.

[37]    *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Smith v. State*, 1996 WL 21050 (Del. Jan. 5, 1996).

-10-