IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| BOBBIE L. HARRELL, | § | |
| | § | |
| Defendant Below- | § | No. 237, 2018 |
| Appellant, | § | |
| | § | |
| v. | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| STATE OF DELAWARE, | § | |
| | § | Cr. ID K1505020549 |
| Plaintiff Below- | § | |
| Appellee. | § | |

Submitted: June 22, 2018
Decided: August 23, 2018

Before **STRINE**, Chief Justice; **SEITZ** and **TRAYNOR**, Justices.

## **O R D E R**

Upon consideration of the appellant's opening brief, the State's motion to affirm, and the record below, it appears to the Court that:

(1)   The appellant, Bobbie Harrell, filed this appeal from the Superior Court's order dated April 9, 2018, accepting a Commissioner's report recommending the denial of Harrell's first motion for postconviction relief. The State of Delaware filed a motion to affirm the judgment below on the ground that it is clear on the face of Harrell's opening brief that his appeal is without merit. We agree. Accordingly, we affirm the Superior Court's judgment.

(2)   Harrell was arrested in May 2015 for sexually assaulting a thirteen-year-old girl. In March 2017, Harrell pled guilty to one count each of second degree

rape and first degree reckless endangering. At the guilty plea colloquy, Harrell admitted that he was guilty of both crimes and was voluntarily pleading guilty. The Superior Court immediately sentenced Harrell to a total period of fifty-five years at Level V imprisonment, to be suspended after serving thirty years in prison for a period of probation. Harrell did not file a direct appeal. Instead, in May 2017, Harrell filed a motion for postconviction relief, asserting that his trial counsel was ineffective for failing to meet with him for over a year and for failing to apprise him of the lack of physical evidence against him. After receiving trial counsel's affidavit, the State's response, and Harrell's reply, the Commissioner recommended that Harrell's motion be denied. The Superior Court accepted that recommendation and denied the motion. This appeal followed.

(3) The only issue that Harrell raises in his opening brief on appeal is a claim that the Superior Court erred in failing to hold an evidentiary hearing before ruling on his postconviction motion. Superior Court Criminal Rule 61(h)(1) provides that the Superior Court shall determine whether an evidentiary hearing in a postconviction proceeding is desirable after considering the motion, the State's response, the movant's reply, the trial record, and any additional materials.[1] We review the Superior Court's decision not to hold a hearing for abuse of discretion.[2]

---

[1] Del. Super. Ct. Crim. R. 61(h)(1). *See also Outten v. State*, 720 A.2d 547, 551 (Del. 1998).
[2] *Maxion v. State*, 686 A.2d 148, 151 (Del. 1996).

(4)    After careful consideration, we find no abuse of discretion in this case. The Superior Court clearly considered Harrell's motion, his former attorney's affidavit in response, the State's response, Harrell's reply, as well as the record of the guilty plea proceedings.  There was sufficient evidence in the record for the Superior Court to rule on Harrell's claims of ineffective assistance of counsel without the need for a hearing.  We affirm the Superior Court's judgment that Harrell failed to allege sufficient facts establishing cause or prejudice to substantiate his claim that his counsel was ineffective.[3]  Moreover, the record of the guilty plea colloquy belies Harrell's vague assertion that his attorney intimidated him into accepting the State's plea offer.

(5)    At the colloquy for his plea hearing, the judge reviewed the evidence and the rights that Harrell was waiving by pleading guilty.  Harrell stated, under oath, that he was satisfied with his counsel's performance and that he was pleading guilty knowingly and voluntarily because he was, in fact, guilty of the charged offenses.  In the absence of clear and convincing evidence to the contrary, Harrell is bound by his sworn statements.[4]  Accordingly, we find no abuse of the Superior Court's discretion in denying Harrell's motion for postconviction relief without an evidentiary hearing.

---

[3] *Younger v. State*, 580 A.2d 552, 556 (Del. 1980).
[4] *Somerville v. State*, 703 A.2d 629, 632 (Del. 1997).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior

Court is AFFIRMED.

BY THE COURT:


*/s/ Gary F. Traynor*
Justice