Eddie Lee MAXION, Jr., Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

No. 50, 1996.

Supreme Court of Delaware.

Submitted: June 13, 1996.
Decided: July 2, 1996.
Opinion Issued: October 8, 1996.[1]

---

1. The July 2, 1996 Order is vacated and this Opinion is issued in lieu thereof.

Eddie Lee Maxion, Jr., pro se.

Thomas E. Brown, Department of Justice, Wilmington, for appellee.

Before WALSH, HOLLAND and HARTNETT, JJ.

HOLLAND, Justice:

In February 1991, a Superior Court jury convicted the defendant-appellant, Eddie Lee Maxion ("Maxion"), of Unlawful Sexual Intercourse in the First Degree and Kidnapping in the First Degree. This Court affirmed Maxion's convictions on direct appeal.

Maxion now appeals from several unfavorable rulings issued by the Superior Court, including the Superior Court's denial of Maxion's motion for his eighth motion for postconviction relief, motion for a new trial, petition for *habeas corpus* relief, and motion for DNA testing at State expense. We find no merit to any of Maxion's contentions. Accordingly, we affirm the Superior Court's rulings.

### Motion for Postconviction Relief

In his eighth motion for postconviction relief filed with the Superior Court, Maxion raised four distinct issues, asserting that: (1) defense counsel was ineffective for failing to request discovery, including *Brady*[2] and *Jencks*[3] material, with respect to the greater charges and for failing to request DNA testing; (2) there was insufficient evidence to support the jury's verdict; (3) the prosecutor

---

**2.** *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963).

**3.** *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957).

engaged in misconduct by indicting him on greater charges than those for which he was originally arrested without first obtaining a new arrest warrant on the greater charges and giving him new Miranda warnings and holding a new preliminary hearing in conjunction with those offenses; and (4) the trial judge committed reversible error by communicating with the jury outside the presence of defense counsel. The Superior Court found that all of Maxion's claims were procedurally barred under Superior Court Criminal Rule 61(i).

## Procedural Bar

■ When reviewing the Superior Court's denial of a postconviction motion pursuant to Superior Court Criminal Rule 61 ("Rule 61"), this Court first must consider the procedural requirements of the rule before addressing any substantive issues. *Younger v. State,* Del.Supr., 580 A.2d 552, 554 (1990). Rule 61(i)(2) provides that any ground for relief that was not asserted in a prior postconviction proceeding is thereafter barred, unless consideration of the claim is warranted in the interest of justice.[4] Furthermore, Rule 61(i)(4) provides that any ground for relief that was formerly adjudicated is thereafter barred, unless reconsideration of the claim is warranted in the interest of justice.

## Prior Adjudication

■ With respect to two of his claims, alleging ineffective assistance of counsel and insufficiency of the evidence, it is clear that these issues were previously raised and rejected by this Court in several of Maxion's previous postconviction motions. *See* Super.Ct.Crim.R. 61(i)(4). In order to overcome the procedural bar of Rule 61(i)(4), Maxion must establish that reconsideration of these claims is warranted in the "interest of justice." Super.Ct.Crim.R. 61(i)(4). This Court has defined "interest of justice" to require a showing that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" the accused. *Flamer v. State,* Del.Supr., 585 A.2d 736, 746 (1990).

Maxion contends that he has "newly discovered evidence" to support these two previously adjudicated claims, which was unavailable to him when he filed his previous motions. Maxion's so-called "new" evidence consists solely of the transcript of certain testimony presented during trial. This "evidence" clearly is not newly discovered because it always has been a part of the trial record. Maxion had the trial record and transcripts available to him in pursuing his direct appeal. Moreover, the testimony which Maxion relies upon does not support Maxion's claim "that the trial court lacked the authority to convict or punish" him. *Flamer v. State,* 585 A.2d at 746. Consequently, these two claims are procedurally barred by Rule 61(i)(4).

## Prior Waiver

■ With respect to his other two postconviction claims, alleging prosecutorial misconduct and judicial misconduct, the record reflects that neither of these claims was raised in any of Maxion's seven previous postconviction motions. Furthermore, consideration of these claims is not warranted in the interest of justice because Maxion has failed to allege or establish that the Superior Court lacked the authority to convict or punish him. *See Flamer v. State,* Del.Supr., 585 A.2d 736, 746 (1990). Consequently, these two claims are barred by Rule 61(i)(2), *unless* there is a claim that the Superior Court lacked jurisdiction or a colorable claim that there was a miscarriage of justice due to a constitutional violation that, *inter alia,* undermined the fundamental fairness of the proceedings. *See* Super.Ct.Crim.R. 61(i)(5).

■ Rule 61(i)(5)'s "fundamental fairness" exception to the procedural bar of Rule 61(i)(2) is a "narrow one and has been applied only in limited circumstances, such as when the right relied upon has been recognized for the first time after the direct appeal." *Younger v. State,* Del.Supr., 580 A.2d 552, 555 (1990). In Maxion's case, he has not stated a claim that the Superior Court lacked

4. The procedural bar of Rule 61(i)(2) is inapplicable, however, if there is a claim that the lower court jacked jurisdiction or there is a colorable claim that there was a miscarriage of justice because of a constitutional violation. Super.Ct.Crim.R. 61(i)(5).

jurisdiction over him or his offenses nor has he made a colorable claim of a deprivation of a constitutional right. Thus, he has not overcome the bar of Rule 61(i)(2).

### Summary Disposition

 Furthermore, Maxion's claim that the Superior Court erred in summarily dismissing his postconviction petition without holding an evidentiary hearing also is without merit. Rule 61(h)(1) grants the Superior Court discretion in determining whether an evidentiary hearing on a postconviction motion is necessary. *Cf. Harris v. State*, Del. Supr., 410 A.2d 500, 502 (1979). If the Superior Court determines in its discretion that an evidentiary hearing is unnecessary, such as in Maxion's case in which all of the issues raised were barred by the procedural requirements of Rule 61(i), then summary disposition of the motion is entirely appropriate. Super.Ct.Crim.R. 61(d)(4), (h)(3); *Shy v. State*, Del.Supr., 246 A.2d 926, 927 (1968). We find no abuse of the Superior Court's discretion in denying Maxion's request for an evidentiary hearing.

### New Trial Motion

 Next, Maxion claims that the Superior Court erred in denying his motion for a new trial based on newly discovered evidence. A motion for a new trial based on newly discovered evidence must be filed within "two years after final judgment." Super.Ct.Crim.R. 33. The time limits of Rule 33 are generally "jurisdictional and mandatory." *State v. Halko*, Del.Super., 193 A.2d 817, 820 (1963), *aff'd*, 204 A.2d 628 (1964); *Whitfield v. State*, Del.Supr., 524 A.2d 13, 17 (1987). In this case, Maxion's convictions became final in August 1992 when this Court issued its mandate following Maxion's direct appeal. *See Jackson v. State*, Del.Supr., 654 A.2d 829, 832–33 (1995). Maxion did not file his motion for a new trial until April 1995. Consequently, the Superior Court lacked jurisdiction to entertain Maxion's untimely motion and properly exercised its discretion in denying the motion. Moreover, the newly discovered evidence submitted by Maxion in support of his motion for a new trial consisted solely of trial transcript, which, as already stated, does not constitute newly discovered evidence.

### Habeas Corpus Denial

 Maxion also contends that the Superior Court erred in denying his petition for a writ of *habeas corpus*. This contention is without merit. Pursuant to 10 *Del.C.* § 6902(1), a writ of *habeas corpus* may not be issued to any person "committed or detained on a charge of treason or felony, the species whereof is plainly and fully set forth in the commitment." Consequently, a prisoner whose commitment is regular on its face cannot obtain release through *habeas corpus*. *Jones v. Anderson*, Del.Supr., 183 A.2d 177, 178 (1962). The record in this case reflects that Maxion was charged with several felony offenses, charges over which the Superior Court clearly had jurisdiction. *See* 10 *Del.C.* § 921(2)a; 11 *Del.C.* § 2701(c). The Superior Court had jurisdiction to try Maxion on those charges and commit him to a period of incarceration upon the jury's finding of guilt. Accordingly, Maxion, whose commitment is regular on its face, is not entitled to *habeas corpus* relief. *See* 10 *Del.C.* § 6902(1).

### Forensic Testing Denied

 Finally, Maxion contends that the Superior Court erred in denying his request for DNA testing at State expense. The trial record, however, unequivocally reflects that no foreign hair, sperm or blood samples were recovered from the victim or her clothing, which could have been subject to DNA testing for comparison with samples taken from Maxion. This information was presented to the jury. Moreover, the State is not required to provide funds for every investigative service requested by an indigent defendant. *See Van Arsdall v. State*, Del.Supr., 486 A.2d 1, 14 (1984), *rev'd on other grounds*, 524 A.2d 3 (1987). On appeal, the defendant must show by clear and convincing evidence that substantial prejudice resulted from the denial of funds for the requested investigative services. *Id.* In Maxion's case, there clearly could have been no prejudice from the lack of DNA testing as there were no samples recovered from the

victim which could have been tested for comparison.

## Conclusion

The judgments of the Superior Court are affirmed.