NAZARIO I. MORLA, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 522, 2007
Supreme Court of Delaware.
Submitted: June 20, 2008
Decided: July 22, 2008
Before BERGER, JACOBS and RIDGELY, Justices.

ORDER
JACK B. JACOBS, Justice
This 22nd day of July 2008, upon consideration of the briefs on appeal, the record below, the Superior Court's April 4, 2008 report following remand, and the parties' supplemental memoranda, it appears to the Court that:
(1) In March 2006, the defendant-appellant, Nazario I. Morla, pleaded guilty to Trafficking in Cocaine. He was sentenced to 7 years of Level V incarceration, to be suspended after 4 years for Level III probation. He did not file a direct appeal, but filed a postconviction motion claiming that his guilty plea was involuntary because his attorney did not communicate with him in Spanish about the plea, thereby providing ineffective assistance. The Superior Court denied Morla's motion because the record reflected that Morla spoke enough English and his attorney spoke enough Spanish for them to communicate effectively, a Spanish interpreter was present at the time Morla pleaded guilty, and Morla's guilty plea form was completed in both English and Spanish. Morla appealed the Superior Court's decision to this Court.
(2) In his appeal, Morla asserted that a) the Superior Court should have conducted an evidentiary hearing on his motion; and b) he was not provided a copy of his attorney's response to his claim of ineffective assistance of counsel and, therefore, did not have an opportunity to directly respond to it as required by Superior Court Criminal Rule 61(g)(3). On March 7, 2008, we remanded this matter to the Superior Court to permit Morla to respond to his attorney's statement and the Superior Court to reconsider, on that basis, whether an evidentiary hearing was necessary.
(3) As reflected in the Superior Court's report following remand, Morla responded to his attorney's statement on March 18, 2008. After reviewing the response, the Superior Court determined that Morla had not presented any additional grounds not previously addressed in his postconviction motion and further determined that the response had failed to raise any issues requiring an evidentiary hearing. On that basis, the Superior Court again denied Morla's postconviction motion.
(4) Both Morla and the State filed supplemental memoranda following the filing of the Superior Court's report. In his memorandum, Morla argues that a factual dispute remains concerning whether his attorney properly communicated with him in Spanish about his guilty plea, which bears directly on whether the plea was voluntary. Therefore, Morla argues, the Superior Court abused its discretion by not conducting an evidentiary hearing on that issue. In its memorandum, the State argues that the Superior Court was within its discretion to forego an evidentiary hearing in this case, because, with the attorney's statement, Morla's response, the State's reply, and the guilty plea form, there was sufficient information to determine that Morla's claims did not have merit.
(5) The Superior Court has broad discretion to determine whether an evidentiary hearing is necessary on a motion for postconviction relief.[1] Here, there is no evidence that the Superior Court abused its discretion in determining that an evidentiary hearing was unnecessary and that Morla's response to his attorney's statement presented no further issues requiring an evidentiary hearing. We therefore conclude that the judgment of the Superior Court must be affirmed.
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Super. Ct. Crim. R. 61(h); Maxion v. State, 686 A.2d 148, 151 (Del. 1996).