ALANDER WILLIS, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 135, 2008.
Supreme Court of Delaware.
Submitted: August 8, 2008.
Decided: November 5, 2008
Before STEELE, Chief Justice, JACOBS, and RIDGELY, Justices.

ORDER
Henry duPont Ridgely, Justice.
This 5th day of November 2008, after careful consideration of the parties' briefs and the record below, it appears to the Court that:
(1) The appellant, Alander Willis, filed this appeal from the Superior Court's denial of his first motion for postconviction relief. Willis' sole contention on appeal is that the Superior Court abused its discretion in denying his claims of ineffective assistance of counsel without holding a hearing and affording him the opportunity to establish prejudice. We find no merit to Willis' appeal. Accordingly, we affirm the Superior Court's judgment.
(2) The record reflects that Willis was arrested in May 2007 on several drug-related charges. At the time of his arrest, Willis was serving three probationary sentences. He was scheduled for a fast track violation of probation (VOP) hearing. On June 20, 2007, Willis pled guilty to the three VOP charges, as well as to a single count of maintaining a dwelling for keeping illegal drugs. His plea agreement included a sentencing recommendation from the State. On the new criminal charge, the State recommended a three-year prison term to be suspended after serving eighteen months for eighteen months of probation. On the VOP charges, the State recommended thirty 30 days at the VOP Center for each VOP.
(3) The plea colloquy reflects that the Superior Court informed Willis that the maximum sentence he could receive on the maintaining a dwelling charge was three years in prison and that the trial court was not bound by the State's sentencing recommendation. Willis acknowledged these points and also acknowledged that no one had promised him what sentence he would receive. Ultimately, the Superior Court sentenced Willis on the new charge to three years in prison to be suspended upon successful completion of the Key Program, to be followed by Level IV Crest and Level III Aftercare. On the VOPs, the trial court discharged Willis as unimproved from the oldest probationary sentence and sentenced him on each of the two remaining sentences to one year in prison to be suspended entirely for one year of Level III probation, which probationary sentences were to run concurrently with each other and with the Level III Aftercare portion of his new sentence. Willis did not file a direct appeal.
(4) Instead, in July 2007 and again in November 2007, he filed unsuccessful motions seeking modification of his sentence. In February 2008, Willis filed a motion for postconviction relief contending that his trial counsel was ineffective at sentencing for failing to object to the Superior Court's sentence and for failing to raise mitigating evidence in favor of a lesser sentence. The Superior Court found no merit to Willis' motion and denied it without holding a hearing. This appeal followed.
(5) We review the Superior Court's denial of postconviction relief for abuse of discretion.[1] To prevail on a claim of ineffective assistance of counsel, a defendant must establish that (i) his counsel's representation fell below an objective standard of reasonableness; and (ii) but for counsel's unprofessional errors, the result of the trial would have been different.[2] The defendant must set forth and substantiate concrete allegations of actual prejudice.[3] Moreover, there is a "strong presumption" that counsel's representation was professionally reasonable.[4]
(6) In this case, the trial judge who decided Willis' postconviction motion is the same judge who sentenced him. In denying Willis' claims of ineffective assistance of counsel, the judge held that, even if counsel had objected at sentencing and presented mitigating evidence of Willis' difficult childhood, it would not have changed the outcome of the sentencing proceeding. Under these circumstances, it is clear that Willis cannot establish any prejudice from his counsel's alleged errors. Moreover, we find that the Superior Court had a sufficient basis to decide Willis' postconviction motion on the record before it. Accordingly, we find no abuse of discretion in the trial court's failure to order an evidentiary hearing.[5]
NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.
NOTES
[1] Dawson v. State, 673 A.2d 1186, 1190 (Del. 1996).
[2] Strickland v. Washington, 466 U.S. 668, 687-88 (1984).
[3] Younger v. State, 580 A.2d 552, 556 (Del. 1990).
[4] Strickland v. Washington, 466 U.S. at 689.
[5] See Maxion v. State, 686 A.2d 148, 151 (Del. 1996).