**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE,          )
)
          Plaintiff,        )
)
)
        v.          )     Cr. ID. No.    1305007005
)
)
CLIFFORD L. LUM,        )
)
          Defendant.    )

Submitted: September 22, 2015
Decided: October 12, 2015

**COMMISSIONER'S REPORT AND RECOMMENDATION ON DEFENDANT'S MOTION FOR POSTCONVICTION RELIEF, MOTION FOR NEW TRIAL AND MOTION FOR DISCOVERY**

Delaware Department of Justice, 820 N. French St. 7th Floor, Criminal Division, Wilmington, Delaware, 19801, Attorneys for the State.

Donald R. Roberts, Esquire, 900 Kirkwood Highway, Elsmere, Delaware 19805, Rule 61 Attorney for Defendant.

Timothy J. Weiler, Esquire, Office of Defense Services, 820 N. French St. 3rd Floor, Wilmington, Delaware, 19801, Trial Counsel for Defendant.

**MANNING**, **Commissioner**

This 12th day of October 2015, upon consideration of defendant Clifford L. Lum's motion for postconviction relief, motion for new trial and motion for discovery, it appears that:

(1) On October 31, 2013, following a bench trial before the Honorable Andrea L. Rocanelli, Lum was convicted of Possession of Ammunition by a Person Prohibited, Possession of a Deadly Weapon by a Person Prohibited, Failure to Have Required Head Lamps on a Motor Vehicle, Fictions or Cancelled Vehicle Registration and Failure to Stop at a Stop Sign. The trial lasted less than two hours. Following two evidentiary stipulations between the parties, the State presented the testimony of Officer Ham of the Wilmington Police Department. Officer Ham testified that he initiated a car stop on the vehicle Lum was driving due to it only having one operational front headlamp and not coming to a complete stop at a stop sign. Officer Ham made contact with Lum who was the driver and sole occupant. Upon request, Lum produced a valid insurance card and his Maryland Drivers License. However, Lum was unable to provide a registration card for the vehicle he was driving. Officer Ham testified that upon further inquiry he discovered that the registration plate (commonly referred to as a "license plate") affixed to the vehicle did not match the year, make or model of the vehicle Lum was driving. Officer Ham testified that this incongruity lead him to suspect that the vehicle was stolen. Officer Ham then removed Lum from the vehicle, placed him in handcuffs, and secured him in the back of his police vehicle. Following a search of the passenger compartment of the vehicle, Officer Ham located 3 rounds of shotgun ammunition and brass fighting knuckles—all items Lum is prohibited from possessing due to a prior felony conviction. Also located in the vehicle was male clothing, various personal effects and court papers

1

addressed to Lum.  At the close of the State's evidence Lum's counsel moved for a Judgment of Acquittal; however, the Court deferred its ruling on the motion until the close of all the evidence in the trial.  The defense called only one witness, Lum. [1]  At the close of the trial, the Court denied the Motion for Judgmental of Acquittal and found Lum guilty of the previously noted charges.  A PSI was ordered and sentencing deferred until January 31, 2014. At sentencing, the State moved to declare Lum a Habitual Offender pursuant to 11 *Del. C*. 4214(a).  The motion was granted by the Court and Lum was sentenced to, *inter alia*, two years at Level V with completion of the Key Program. [2]

(2)  Following his conviction, Lum appealed to the Delaware Supreme Court, which affirmed the conviction on September 19, 2014. [3]  On appeal, the Supreme Court held that there was sufficient evidence to support the conviction.  Additionally, the Supreme Court held that while it may have been error for the Superior Court to delay its ruling on Lum's Motion for Judgment of Acquittal until the end of the trial, it was a harmless one in any event.

(3)  Subsequent to his unsuccessful appeal, Lum has filed *numerous* motions and letters asking the Court to modify his sentence—thus far, all have been denied.  To the extent that any such motions or letters remain pending with the Court, they are not part of this Report and will be addresses by Judge Rocanelli at a later date.

(4)  On October 16, 2014, Lum timely filed his first *pro se* motion for postconviction relief.  On February 3, 2015, Donald Roberts, Esq. ("Rule 61 Counsel") was appointed by the Office of Conflict Counsel to represent Lum on his postconviction

---

[1] All facts taken from the Trial Transcript.

[2] Lum's original sentence was two years Level V *suspended after* completion of the Key Program—an illegal sentence under the Habitual Offender statute.  Currently, Lum is scheduled to be re-sentenced on November 5, 2015, to correct the illegal sentence.

[3] *Clifford Lum v. State*, Delaware Supreme Court, No. 85, 2014, September 19, 2014.

motion. On July 14, 2015, Rule 61 Counsel filed a Motion to Withdraw pursuant to Superior Court Criminal Rule 61(e)(2). Rule 61 Counsel stated that following a review of Lum's postconviction motion he found it to be so lacking in merit that he could not ethically advocate it and asked the Court to allow him to withdraw from the case. Further, Rule 61 Counsel advised Lum that he had 30 days to file a response to his request to withdraw. On July 22, 2015, Lum filed his Motion to Contest [Rule 61 Counsel's Motion to Withdraw].[4] Finally, on August 3, 2015, Lum filed a Motion for Discovery.

(5) On September 21, 2015, Judge Rocanelli issued an Order of Reference to the undersigned Commissioner, pursuant to Rule 132, to assist in resolving Lum's pending matters.

(6) Accordingly, I have reviewed Lum's various letters, postconviction motion (and response), read the complete trial transcript, reviewed the Affidavit of Probable Cause and the Court's record. I find as follows:

(7) Lum's claims for postconviction relief, in his own words, are as follows:

Ground One: Illegal search and seizure, racial profile, bad jacketing, creating suspicion, harassment. Fruits from an alofull search is admissible, perjury was not wanted or any probation.

Ground Two: The state failure to disclose evidence. See Superior Ct. Crim R.61(B)(4). Favorable to the defendant, violate his right to due process of law, official misconduct violated my XIII Amendment.

Ground Three: The tool bag was in the trunk, so there is perjury from Wilmington P.D. and there were other clothe's in the car, womans, kids and men clothing. I was black and didn't no the law so now I am paying for it.

---

[4] Within Lum's Response he also moved the Court for a New Trial.

3

Grounds for judgment of acquittal, this was my first time going to trial and I didn't no nothing until I went to jail now I no a little. Superior Court Criminal Rule 29(b). In fact reservation of a decision on a defendant's motion for judgment of acquittal, is only permitted at the close of all the evidence.

(8) Ground One of Lum's postconviction motion is a smattering of legal terms covering various facets of 4th Amendment jurisprudence. Lum lists a number of concepts that, *conceivably*, could have been raised as possible defenses to the charges in this case. However, the record reflects that none of these issues were raised in the proceedings leading up to the trial or on appeal. Therefore, pursuant to Superior Court Crim. Rule 61(i)(3), they are procedurally barred and the Court need not further consider them.[5] Moreover, Lum's claims fail to allege with particularity any concrete allegations of deficient performance by defense counsel or actual prejudice; they are inchoate and conclusory statements and need not be considered further by the Court.[6]

(9) My review of the trial transcript and Affidavit of Probable Cause does not lead me to believe that trial counsel was deficient for not moving to suppress based either upon the initial stop of Lum or the subsequent search of this vehicle. The record reveals that Officer Ham had two valid reasons to conduct a traffic stop of Lum—failure to stop at a stop sign and the failure to have two working headlights. Additionally, once Officer Ham discovered that the registration plate did not match the vehicle Lum was driving, Officer Ham had a reasonable suspicion that the vehicle was stolen; hence, justifying the

---

[5] *See* Criminal Rule 61(i)(3) Procedural Default. Any ground for relief that was not asserted in the proceedings leading to the judgment of conviction, as required by the rules of the court, is thereafter barred, unless the movant shows (A) Cause for relief from the procedural default and (B) Prejudice from violation of the movant's rights.
[6] Conclusory allegations are insufficient to establish a claim of ineffective assistance of counsel. *See Younger v. State*, 580 A.2d 552, 555 (Del. 1990).

4

further investigative dentition of Lum, or custodial arrest.[7] "Delaware law gives a police officer the discretion to make a custodial arrest for violation of any motor vehicle law pursuant to 21 *Del. C.* § 703(a) and (b)."[8] Finally, the search of the passenger compartment of the vehicle appears justified as either an inventory search (the vehicle was subsequently towed by police) or a search incident to arrest. The law is well settled in this area, that "when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that vehicle."[9] Therefore, even if trial counsel had filed a motion to suppress, it appears highly unlikely that it would have been successful.

(10) Ground Two of Lum's Motion alleges that that State failed to disclose evidence favorable to [him], violated his right to due process and official misconduct. Again, it is unclear exactly what Lum is alleging. Lum does not state with any level of particularity what evidence was withheld from him or what the nature of the misconduct was—much less how it impacted the fairness of his trial. Without more specific information, I am unable to evaluate Lum's claims. In any event, Lum's claims are conclusory, appear to be unsupported by the record and should be summarily dismissed by the Court.[10]

(11) Ground Three of Lum's claims seem to allege some type of perjury by Officer Ham regarding a tool bag in the trunk of his vehicle. Additionally, Lum adds that "I was Black and didn't no [sic] the law so now I am paying for it." A review of the trial

---

[7] *See* 11 Del.C. § 1902(a) and 1904(a).

[8] *Bailey v. State*, 1991 WL 78461, at *2 (Del. April 15, 1991) (citing *Traylor v. State*, 458 A.2d 1170, 1174 (Del. 1983).

[9] *Traylor v. State,* 458 A.2d at 1173-74 (quoting *New York v. Belton,* 453 U.S. 454, 460 (1981)).

[10] Rule 61(d) Preliminary Consideration. (5) Summary dismissal. -- If it plainly appears from the motion for postconviction relief and the record of prior proceedings in the case that the movant is not entitled to relief, the judge may enter an order for its summary dismissal and cause the movant to be notified.

5

transcript reveals that nothing of evidentiary value was discovered in the trunk of Lum's vehicle. The shotgun shells and brass knuckles were located within the passenger compartment in close proximity to the driver's seat. As to Lum's second statement, his race appears to have no relevance, and it is worth noting that he was represented by an experienced criminal defense attorney during the trial. Therefore, it was not necessary for Lum to "know the law;" that is why he was appointed a lawyer to represent him. To that end, Lum's trial counsel made the best argument he could in light of the facts of the case. As conceded by the State, Lum's possession of the contraband items was "constructive" in nature—the State offered no direct proof that Lum knew the shotgun shells were in the car with him.[11] Defense counsel argued this point to the Court, noting that the car was borrowed, the items were small, not in plain view and there was no forensic evidence linking Lum to the items—the classic reasonable doubt argument.[12] While defense counsel's presentation at trial may not have been inspiring, it was certainly competent and adequate giving the simplicity of the case.

(12) Finally, as an aside, Lum again raises the issue of the Court's decision to defer ruling upon his Motion for Judgment of Acquittal until the close of the trial. As previously noted, this issue was considered and rejected by Delaware Supreme Court. Because it was previously adjudicated, it is procedurally barred from further review by this Court under Rule 61(i)(4).[13]

---

[11] During his trial testimony Lum conceded knowledge of the brass-knuckles, however, he claims to have seen them in the trunk of the vehicle in a tool bag. Trial Tr. at 50.

[12] Trial Tr. at 89-90.

[13] Rule 61(i)(4) Former adjudication. Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.

6

(13)  Lum's Response to Rule 61 Counsel's Motion to Withdraw, styled a "Motion to Contest," was filed on July 22, 2015.  In his Response, Lum restates many of the same arguments raised in his original postconviction motion and, to a certain extent, adds additional arguments.[14]  Buried with the third page of the motion Lum also moves for a new trial.  To the extent that Lum is asking for a new trial, his motion is controlled by Superior Ct. Crim. Rule 33.[15]  Rule 33 requires that such a motion be filed within 7 day of verdict.  A motion for a new trial based on newly discovered evidence must be filed within two years after final judgment—something Lum is not alleging here.  Because the time limits of Rule 33 are generally "jurisdictional and mandatory," Lum's motion must be denied. [16]

(14)  To the extent that Lum's Response raises new claims for relief under Rule 61, or make new arguments, the Court should strike Lum's arguments as he did not raise them in his original filing as required by Rule 61(b)(2).[17]  Just as a litigant cannot raise new arguments in subsequent postconviction motions under Rule 61(b)(2), new arguments should not be raised in a responsive pleading without leave of the Court.[18]

---

[14] For example, Lum now argues that trial counsel "coerced [him] into testifying on his own behalf… ." Aside from being a conclusory allegation at best, it is unsupported by the trial transcript.  During trial, the Judge asked Lum if "anyone [was] forcing you to testify" to which Lum responded, "no."  Trial Tr. at 38.

[15] Rule 33. New trial.  The court on motion of a defendant may grant a new trial to that defendant if required in the interest of justice. If trial was by the court without a jury the court on motion of a defendant for a new trial may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 7 days after verdict or finding of guilty or within such further time as the court may fix during the 7-day period.

[16] *See Maxion v. State*, 686 A.2d 148, 151 (Del. 1996).

[17] Rule 61(b)(2) Content of motion. -- The motion shall specify *all the grounds* for relief which are available to the movant and of which the movant has or, by the exercise of reasonable diligence, should have knowledge, and shall set forth in summary form the facts supporting each of the grounds thus specified (emphasis added).

[18] *See, for example*, Superior Court Civil Rule 15—allowing amending of pleadings before a responsive pleading is filed or only by leave of the Court.  To allow litigants to append new arguments to responsive pleadings would create confusion and potentially endless back-and-forth filings.

(15) Lum's final request of the Court is a Motion for Production of Discovery. In the interest of justice and in light of the very limited scope of what Rule 16 discovery likely exits in this case, I recommend that the Court ask trial counsel to mail a copy of the State's Discovery Response to Lum *this one time only*. Additionally, I recommend that the Court provide Lum a copy of his trial transcript as it is unclear to me if trial counsel or Rule 61 Counsel provided him a copy.

(16) Finally, I note that Lum's claims are so lacking in merit that the Court could summarily dismiss them under Rule 61(d)(5).

For the foregoing reasons, I RECOMMEND that Lum's motions be DENIED; but that Discovery be provided as outlined above.

/s/ *Bradley V. Manning*
BRADLEY V. MANNING,
Commissioner

oc:     Prothonotary
cc:     Defendant