# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | ID. No. 1305008595 |
| | ) | In and for Kent County |
| v. | ) | |
| | ) | RK13-07-0105-01 |
| **AARON O. LOWMAN,** | ) | RK13-07-0107-01 |
| | ) | RK13-07-0110-01 |
| Defendant. | ) | RK13-07-0111-01 |
| | ) | RK13-07-0112-01 |
| | ) | RK13-07-0113-01 |
| | ) | RK13-07-0114-01 |
| | ) | RK13-07-0115-01 |
| | ) | RK14-10-0277-01 |
| | ) | RK14-07-0278-01 |
| | ) | RK14-10-0279-01 |

## COMMISSIONER'S REPORT AND RECOMMENDATION

### Upon Defendant's Motion for Postconviction Relief
### Pursuant to Superior Court Criminal Rule 61

Nicole S. Hartman, Esquire, Deputy Attorney General, Department of Justice, for the State of Delaware.

Aaron O. Lowman, *Pro se.*

FREUD, Commissioner
October 24, 2018

The defendant, Aaron O. Lowman ("Lowman") was found guilty as charged, following a jury trial on October 22, 2014, of one count of Possession of a Firearm During the Commission of a Felony ("PFDCF"), 11 *Del. C.* § 1447A; two counts of

Possession of a Firearm by a Person Prohibited, 11 *Del. C.* § 1448(a)(9); one count of Aggressive Driving, 21 *Del. C.* § 4175A; one count of Resisting Arrest, 11 *Del. C.* § 1257; one count of Disregarding a Police Officer's Signal, 21 *Del. C.* § 4103; one count of Driving While Suspended or Revoked, 21 *Del. C.* § 2756; two counts of Improper Lane Change, 21 *Del. C.* § 4122; one count of Speeding, 21 *Del. C.* § 4169; and one count of Failure to have his Lights on, 21 *Del. C.* § 4331. Prior to trial the State dismissed a number of additional driving offenses and several drug related offenses. On November 24, 2014, the State filed a motion to declare Lowman an habitual offender under 11 *Del C.* § 4214(b). The Court granted the motion on January 14, 2015 and sentenced Lowman to life incarceration without the award of good time.

A timely Notice of Appeal was filed with the Delaware Supreme Court by Lowman's Trial Counsel. In the appeal the following claim was raised that the Superior Court erred in denying Lowman's motion for a mistrial after a witness for the State started to testify about a transaction in which Lowman was involved when he acquired a handgun in exchange for drugs. The Delaware Supreme Court found no merit in any of the claims and affirmed Lowman's conviction and sentence on August 28, 2015.[1]

On October 16, 2015, Lowman filed a motion for appointment of counsel and a motion for postconviction relief pursuant to Superior Court Criminal Rule 61. He raised six grounds for relief including ineffective assistance of counsel. On October

---

[1] *Lowman v. State*, 2015 WL 5120818 (Del. Supr.).

2

27, 2015, the Court granted the motion for appointment of counsel, and on March 24, 2016, Brian J. Chapman ("Appointed Counsel") was appointed to represent Lowman. After an extremely thorough and conscientious review of the facts, the record and the law in the case, Appointed Counsel filed a motion to withdraw as counsel on January 6, 2017, along with a memorandum in support of the motion, having concluded that the motion was wholly without merit and that no meritorious grounds for relief existed. Lowman was sent a copy of the motion to withdraw and given 30 days to file a response. Appointed Counsel's motion to withdraw was granted by the Court on April 21, 2017.[2]

Next Lowman moved to amend his *pro se* motion for postconviction relief. Lowman's amended motion was filed on December 18, 2017. After several revised brief schedules the matter finally completed briefing and was sent for decision.

## FACTS

Following are the facts as set forth by the Delaware Supreme Court:

> (3) On the evening of June 15, 2013, Delaware State Police Detective Matthew Long and Delaware Department of Probation and Parole officer David Angelo were driving in Smyrna, Delaware in an unmarked Chevrolet Impala. They spotted Lowman, whom they knew was wanted on outstanding criminal charges. Lowman was driving a rented beige Nissan Altima registered in North Carolina.
>
> (4) Detective Long and Officer Angelo attempted to stop

---

[2] *State v. Lowman*, Del. Super., ID No. 1305008595, Witham, R.J. (April 21, 2017)(ORDER).

3

the Nissan. Officer Angelo got out of the police vehicle with his gun drawn and identified himself as a probation and parole officer. He addressed Lowman by name and told him to step out of the car. Instead of complying. Lowman sped away. Detective Long and Officer Angelo chased the Nissan with warning lights on at speeds exceeding 100 miles per hour. A camera in the police car recorded the high speed chase. Lowman managed to pull away, and the officers discontinued the chase.

(5) Long and Angelo came across the Nissan again later in the evening and resumed pursuit. Lowman managed once again to pull away from the police vehicle, but Long and Angelo ultimately found the Nissan on State Route 9, overturned on its roof.

(6) As Detective Long and Officer Angelo approached the Nissan, they saw Lowman break the glass out of the back window, crawl out of the vehicle, and attempt to run away. Detective Long used his taser to subdue Lowman and then put him in handcuffs.

(7) Lowman's girlfriend, Marshay Johnson, who was also charged in the matter, was inside the Nissan. The officers took Lowman from the scene to Christiana Hospital for medical treatment. After a tow truck arrived and turned the Nissan upright, Delaware State Police Officer David Hake, Jr. searched the vehicle and found a loaded handgun on the driver's floorboard and a package of .22 caliber ammunition underneath the dashboard above the gas petal.

(8) Nine days later, Detective Long interviewed Lowman at the James T. Vaughn Correctional Center. He read Lowman a Miranda warning and Lowman confirmed that

4

he understood his rights. Detective Long attempted to record the interview but the quality of the recording turned out to be poor. The interview was difficult to hear on the recording and the recording was not introduced into evidence at Lowman's trial. Detective Long testified at Lowman's trial that in the course of the interview Lowman told Detective Long that the handgun and ammunition found in the Nissan belonged to him.

(9) The State called Detective Long as a witness at Lowman's trial. The following exchange took place between the prosecutor and Detective Long, regarding the interview with Lowman at the Vaughn Correctional Center.

> Prosecutor: What did he say about the handgun?
> Detective Long: I asked him questions about the handgun. What Mr. Lowman advised to me is that he obtained the handgun from what he described as a fiend, or someone who commonly abuses drugs. What he explained to me was that he traded three grams of crack cocaine –

Interrupting the testimony, defense counsel objected and moved for a mistrial. The prosecutor informed the court that the witness had been instructed not to bring up drugs during his testimony. Defense counsel argued that Detective Long's testimony was highly prejudicial to Lowman because it introduced evidence of an uncharged crime.

(10) The trial judge applied the four-factor test established by this Court in *Pena v. State* to evaluate whether the unsolicited comment from Detective Long was sufficiently prejudicial to merit a mistrial. After reviewing all of the

factors, the court found the factors weighed against a mistrial. Citing Lowman's admission to the police that the handgun and ammunition discovered in the rental car belonged to him, the court concluded that the case was not a close one and thus Lowman was not likely prejudiced by Long's testimony. The court also believed that a curative jury instruction was sufficient to mitigate any prejudice. The court denied the motion for mistrial and instructed the jury as follows:

> Earlier you may have heard the officer, who was on the stand, testify and provide testimony which indicated that the handgun was obtained through someone who commonly abuses drugs. And it explained to him that, perhaps, the drugs were traded for prohibited contraband. You are to ignore that statement. That has no bearing on this case. It is to be stricken from the record, and you are not to consider it at all in any determination you have in this case.[3]

## LOWMAN'S CONTENTIONS

Next, Lowman filed a Motion for Postconviction Relief pursuant to Superior Court Rule 61. In his motion, he raises the following grounds for relief:

Ground one:     I.A.C.[4] due counsel's failure to object

---

[3]  *Lowman*, 2015 WL 5120818, at *1-3 (footnotes omitted) (Del. Supr.).

[4] The Court assumes Lowman means "Ineffective Assistance of Counsel" when he writes "I.A.C."

6

where the trial court denied motion for mistrial an abuse of discretion where the states (sic) investigating officer provided an unelicited (sic) response on direct examination implicating that the defendant was a drug dealer and/or committed an act of drug dealing to acquire gun.

Ground two: I.A.C. counsel failed to suppress incriminating statements where defendant invoked his right to counsel at the beginning of the recorded interview counsel failed to follow basic competent counsel rule suppress all statements.

Ground three: I.A.C. counsel failure to object to the Detective's created [illegible] alledged (sic) testimony of the Defendant's confession their (sic) was no foundation no tape and the Detective's testimony should have been excluded.

Ground four: I.A.C. counsel failed to compel Detective's testimony of Detective where Detective had statements of co-defendant Marshay Johnson who said the weapon was hers.

Ground five: I.A.C. Counsel failed to object to the Prosecution's misrepresentation of evidence where the state said their (sic) would be a statement played however it

7

never was.

Ground six:  I.A.C. Petitioner's Counsel failed to raise Petitioner's claims forcing him to wave (sic) his constitutional arguments.

On February 14, 2017 Lowman filed a Memorandum of Law adding the following grounds:

Ground seven:  Ineffective Assistance of Counsel.
Trial Counsel failed to request a missing evidence jury instruction, commonly known as a "Deberry instruction" that would require the jury to presume that the missing notes were exculpatory.

Ground eight:  Superior Court erred by not giving the jury a "missing evidence" instruction which has prejudice effect to Lowman trial. The Sixth Amendment provides that an individual accused of a crime has the right to a trial by an impartial jury.

Ground nine:  Abuse of Discretion.
Trial judge abused his discretion by denying a motion for mistrial following an unsolicited response by a state witness to the jury with prejudicial effect. The Sixth Amendment provides that an individual accused of a crime has the right to a trial by an impartial jury.

8

| | |
|---|---|
| Ground ten: | Ineffective Assistance of Counsel. Trial Counsel was ineffective for stipulating that movant was a person prohibited from owning/possessing a firearm. |

On December 18, 2017 Lowman filed an Amended Motion for Postconviction Relief adding the following grounds:

| | |
|---|---|
| Ground eleven: | Trial Counsel was ineffective for failing to file a motion to suppress the evidence and Mr. Lowman's statement, resulting in prejudice to Mr. Lowman. |
| Ground twelve: | Trial court abused its discretion in failing to instruct the Jury on all elements of an offense precluding the Jury from finding each fact necessary to convict. |

## DISCUSSION

Under Delaware law, the Court must first determine whether Lowman has met the procedural requirements of Superior Court Criminal Rule 61(I) before it may consider the merits of the postconviction relief claims.[5] Under Rule 61, postconviction claims for relief must be brought within one year of the conviction

---

[5] *Bailey v. State*, 588 A.2d 1121, 1127 (Del. 1991).

becoming final.[6] Lowman's motion was filed in a timely fashion, thus the bar of Rule 61(i)(1) does not apply to the motion. As this is Lowman's initial motion for postconviction relief, the bar of Rule 61(i)(2), which prevents consideration of any claim not previously asserted in a postconviction motion, does not apply either.

Grounds for relief not asserted in the proceedings leading to judgment of conviction are thereafter barred unless the movant demonstrates: (1) cause for relief from the procedural default; and (2) prejudice from a violation of the movant's rights.[7] The bars to relief are inapplicable to a jurisdictional challenge or "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction."[8]

Each of Lowman's grounds for relief with the exception of numbers eight, nine and twelve, are premised on allegations of ineffective assistance of counsel. Therefore, Lowman has alleged sufficient cause for not having asserted these grounds for relief at trial and on direct appeal.

Lowman's first and ninth grounds for relief are simply restatements of the argument he previously raised in his direct appeal. Superior Court Criminal Rule 61(i)(4) bars any ground for relief that was formerly adjudicated unless

---

[6] Super. Ct. Crim. R. 61(i)(1).

[7] Super. Ct. Crim. R. 61(i)(3).

[8] Super. Ct. Crim. R. 61(i)(5).

reconsideration of the claim is warranted in the interest of justice.[9] Lowman raised these claims before and the Delaware Supreme Court found them meritless. Lowman has made no attempt to argue why reconsideration of this claim is warranted in the interest of justice. The interest of justice exception of Rule 61(i)(4) has been narrowly defined to require that the movant show that "subsequent legal developments have revealed that the trial court lacked the authority to convict or punish" him.[10] Lowman has made no attempt to demonstrate why these claims should be revisited. This Court is not required to reconsider Lowman's claim simply because it is "refined or restated."[11] For this reason, this ground for relief should be dismissed as previously adjudicated under Rule 61(i)(4).

Lowman's eighth and twelfth claims were not previously raised and he has given no reason for the failure to have raised them earlier. They are therefore clearly barred by Superior Court Criminal Rule 61(i)(3) for failure to demonstrate cause and prejudice for his failure to have raised them earlier.

Lowman's ineffective assistance of counsel claims are not subject to the procedural default rule, in part because the Delaware Supreme Court will not generally hear such claims for the first time on direct appeal. For this reason, many defendants, including Lowman, allege ineffective assistance of counsel in order to

---

[9] Super. Ct. Crim. R. 61(i)(4).

[10] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996) (quoting *Flamer v. State*, 585 A.2d 726, 746 (Del. 1990)).

[11] *Riley v. State*, 585 A.2d 719, 721 (Del. 1990).

11

overcome the procedural default. "However, this path creates confusion if the defendant does not understand that the test for ineffective assistance of counsel and the test for cause and prejudice are distinct, albeit similar, standards."[12] The United States Supreme Court has held that:

> [i]f the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that the responsibility for the default be imputed to the State, which may not 'conduc[t] trials at which persons who face incarceration must defend themselves without adequate legal assistance;' [i]neffective assistance of counsel then is cause for a procedural default.[13]

A movant who interprets the final sentence of the quoted passage to mean that he can simply assert ineffectiveness and thereby meet the cause requirement will miss the mark. Rather, to succeed on a claim of ineffective assistance of counsel, a movant must engage in the two part analysis enunciated in *Strickland v. Washington*[14] and adopted by the Delaware Supreme Court in *Albury v. State*.[15]

The *Strickland* test requires the movant show that counsel's errors were so grievous that his performance fell below an objective standard of reasonableness.[16]

---

[12] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

[13] *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

[14] 466 U.S. 668 (1984).

[15] 551 A.2d 53, 58 (Del. 1988).

[16] *Strickland*, 466 U.S. at 687; *see Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

Second, under *Strickland* the movant must show there is a reasonable degree of probability that but for counsel's unprofessional error the outcome of the proceedings would have been different, that is, actual prejudice.[17] In setting forth a claim of ineffective assistance of counsel, a defendant must make and substantiate concrete allegations of actual prejudice or risk summary dismissal.[18]

Generally, a claim for ineffective assistance of counsel fails unless both prongs of the test have been established.[19] However, the showing of prejudice is so central to this claim that the *Strickland* court stated "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."[20] In other words, if the Court finds that there is no possibility of prejudice even if a defendant's allegations regarding counsel's representation were true, the Court may dispose of the claim on this basis alone.[21] Furthermore, Lowman must rebut a "strong presumption" that Trial Counsel's representation fell within the "wide range of reasonable professional assistance," and this Court must eliminate from its consideration the "distorting

---

[17] *Id.*

[18] *See* e.g., *Outten v. State*, 720 A.2d 547, 557 (Del. 1998) (citing *Boughner v. State*, 1995 WL 466465 at *1 (Del. Supr.)).

[19] *Strickland*, 466 U.S. at 687.

[20] *Id.* at 697.

[21] *State v. Gattis*, 1995 WL 790961 (Del. Super.).

effects of hindsight when viewing that representation."[22]

Turning briefly to Lowman's specific claims he makes a number of allegations that Trial Counsel acted ineffectively at trial, including claims that he did not adequately investigate the case and prepare it for trial.

In his second claim, Lowman contends that Trial Counsel was ineffective because he should have filed a Motion to Suppress Lowman's incriminating statements. After waiving his right to counsel, Mr. Lowman argues that counsel should have suppressed statements he made at the beginning of the recorded interview with Detective Long.

On June 14, 2013, Lowman was interviewed by Detective Long at James T. Vaughn Correctional Center.[23] Detective Long testified that Lowman was provided with *Miranda* warnings, that he understood those rights and elected to proceed without counsel.[24] The interview on June 14, 2013 was recorded on a mini cassette recorder, but unfortunately is inaudible.[25] However, Detective Long's police report clearly states that Lowman was read his *Miranda* rights, understood those rights, and voluntarily agreed to answer the detective's questions without the assistance of counsel. There is nothing in the record to suggest that the statements made by Lowman were involuntarily or obtained in violation of his rights. This claim is

---

[22] *Strickland,* 466 U.S. at 689; *Wright v. State,* 671 A.2d 1353, 1356 (Del. 1996).

[23] *State v. Lowman,* Del. Super., ID No. 1305008595 (Oct. 21, 2014), tr. at B-97.

[24] *Id.*

[25] *Id.* at B-98.

without merit.

In his third claim, Lowman argues ineffective assistance of counsel for failing to object to "the Detective's created animated alleged testimony" of Lowman's confession. Lowman is attempting to argue that because the recorded interview is inaudible, counsel was ineffective by allowing the content of the recording to be introduced to the jury. However, the recording, despite its quality, is still available. This is distinguishable from a case where the recording has been destroyed or lost; rather, this is a case where technology malfunctioned.[26] The State even attempted to enhance the audio recording. Furthermore, Detective Long supplemented the recorded interview with a written police report.[27] There is no evidentiary objection to prevent the investigating officer from testifying as to the statements made by Lowman during the course of a voluntary interview. This claim is without merit.

In his fourth ground for relief, Lowman claims ineffective assistance of counsel for failure to compel Detective testimony about statements made by co-defendant Marshay Johnson. Lowman alleges that during her interview with Detective Long, Ms. Johnson admitted that the weapon found in the vehicle was hers. However, Johnson did not admit that the gun located in the vehicle was in her possession or that

---

[26] Compare *Morris v. State*, 153 A.3d 721 (Del. 2016)(holding that the Superior Court correctly found that the State did not lose or destroy evidence but rather that the tape was available but did not have sound) and *Deberry v. State*, 457 A.2d 744 (Del. 1983) (holding that the failure to produce or account for evidence was irreversible error).

[27] *State v. Lowman*, Del. Super., ID No. 1305008595 (Oct. 21, 2014), tr. at B-98.

15

she owned the gun.[28] In fact, she vehemently denied ownership of the firearm. But rather she suggested it was Lowman's because she knew him to carry a gun.[29] In his affidavit, Trial Counsel explains that he strategically elected not to call Johnson as a witness or question her knowledge.[30]

In his fifth claim, Lowman argues ineffective assistance of counsel for failure to object to Prosecution misrepresentation of evidence where the State said there would be a statement played which ultimately was not played at trial. This claim is entirely without merit. In its opening statement, the State never mentioned that any statements would be played at any time.[31]

In Lowman's sixth claim, he contends that Trial Counsel was ineffective for failing to raise all of his claims thus forcing him to waive his Constitutional Arguments. On January 20, 2015, Trial Counsel filed a timely Notice of Appeal to the Delaware Supreme Court. On March 5, 2015, Trial Counsel filed the Opening Brief on behalf of Lowman. On March 26, 2015, the State of Delaware filed the State's Answering Brief. On April 10, 2015, Trial Counsel filed a Reply Brief further explaining the prejudicial effect on Lowman. On August 28, 2015, the Delaware

---

[28] *State v. Lowman*, Del. Super. ID No. 1305008595, D.I. 51 at A- 267, 270, 277, 278.

[29] *Id.* at A- 271.

[30] Windett Aff. ¶ 5, June 6, 2017.

[31] *Lowman*, Del. Super., ID No. 1305008595 (Oct. 20, 2014), tr. at 16-19.

Supreme Court ordered that the judgment of the Superior Court was affirmed.[32] Trial counsel focused on what he considered to be the only "meritorious" argument to raise on appeal. Simply because counsel did not raise every conceivable claim does not warrant counsel ineffective. This claim is without merit.

Lowman's seventh claim argues ineffective counsel for failing to request a missing evidence instruction to the jury. On cross-examination, Detective Long testified that he took hand written notes while conducting the interview with Lowman.[33] Upon learning that Officer's notes were shredded, Trial Counsel made a second motion for mistrial on the grounds that the breach its duty by failing to preserve evidence.[34] The Court entertained giving a *Deberry* instruction[35] and allowed the parties to further research the issue while on recess. It was the State's position that shredding the hand written notes after incorporating the information into his final police report was neither negligent nor improper.[36] Upon further research, Trial Counsel discovered Supreme Court precedent that was factually on point and withdrew the motion.[37]

In his eighth claim for ineffective assistance of counsel, Lowman contends that

---

[32] *State v. Lowman*, 2015 WL 5120818 (Del. Supr.).

[33] *Lowman*, Del. Super., ID No. 1305008595 (Oct. 21, 2014), tr. at B-113, 114.

[34] *State v. Lowman*, Del. Super., ID No. 1305008595 (Oct. 22, 2014), tr. at C-2.

[35] *Lowman*, Del. Super., ID No. 1305008595 (Oct. 21, 2014), tr. at B-146 to B-148.

[36] *Id.*

[37] *Lowman*, Del. Super., ID No. 1305008595 (Oct. 22, 2014), tr. at C-2.

Court abused its discretion by not giving a missing evidence instruction to the jury. Lowman claims that since the audio recording was inaudible, the officer's hand written notes offered exculpatory evidence which prevented the defense from properly cross examining the officer. However, Detective Long provided a final written report which included the information provided in his notes which was available to both the State and the Defense.[38] Additionally, the Supreme Court has held theat preliminary notes that are made for the purpose of transferring the data to a final report may be permissibly destroyed if it is done in good faith and in accordance with normal practices.[39] Here, the destruction of Detective Long's preliminary notes does not constitute an impermissible destruction of evidence nor has it deprived Lowman of any rights as to warrant a mistrial. Lowman has offered nothing but mere speculation that the hand written notes were exculpatory evidence. There is no reasonable probability that, had the defense had access to the notes, a different result was likely to occur.

In his ninth claim for ineffective assistance of counsel, Lowman argues that counsel was ineffective because the trial judge abused his discretion by denying a motion for mistrial following Detective Long's statement regarding how Lowman acquired the firearm in relation to drug dealing. This argument is part and parcel to Lowman's first claim, which was addressed and resolved during the direct appeal.

---

[38] *Lowman*, Del. Super., ID No. 1305008595 (Oct. 21, 2014), tr. at B-98.

[39] *Killian v. United States*, 82 S. Ct. 302 (1961); *California v. Trombetta*, 104 S. Ct. 2528 (1984).

18

In his tenth claim, Lowman contends that Trial Counsel was ineffective for stipulating that he was a person prohibited from owning or possessing a firearm or ammunition. On October 20, 2014, Trial Counsel presented the signed stipulation agreement to the court with the intention of avoiding Lowman's prior conviction from being put on the record.[40] Additionally, Trial Counsel informed the court that the "indictment would be sanitized as to remove any reference to any prior convictions as well."[41] In his affidavit, Trial Counsel explains that had Lowman not stipulated to being a person prohibited, the jury would have heard the evidence of his prior drug trafficking conviction in a case alleging drug dealing and firearm possession.[42] Trial counsel, and Lowman, made the strategic decision to stipulate to person prohibited status.

In his eleventh claim, Lowman complains that Trial Counsel failed to file a motion to suppress evidence and a statement. There was no basis to suppress evidence since officers who knew Lowman and knew he was wanted pursued him, ending in a rollover collision. When the officers righted and searched the vehicle, the evidence introduced at trial was found. This claim is without merit.

Lowman's twelfth claim relates to jury instructions. No objections were raised during trial or after the instructions were read to the jury because the jury instructions tracked the statutory language. There was no basis to object to the jury instructions,

---

[40] *Lowman*, Del. Super., ID No. 1305008595 (Oct. 20, 2014), tr. at A-3.

[41] *Id.*

[42] Windett Aff. ¶ 10, June 6, 2017.

accordingly, this claim is without merit.

Following a complete review of the record in this matter, it is abundantly clear that Lowman has failed to allege any facts sufficient to substantiate his claim that his attorney was ineffective. I find Trial Counsel's affidavit and Appointed Counsel's motion to withdraw, in conjunction with the record, more credible than Lowman's self-serving claims that his Trial Counsel's representation was ineffective. Lowman's Trial Counsel clearly denies the allegations. Furthermore, Appointed Counsel thoroughly reviewed the record in this case and concluded that none of Lowman's claims were meritorious and that no other meritorious claims could be found.

## CONCLUSION

After reviewing the record in this case, it is clear that Lowman has failed to avoid the procedural bars of Superior Court Criminal Rule 61(i). A review of his Trial Counsel's affidavit, Appointed Counsel's motion to withdraw and the record clearly shows that counsel represented Lowman in a competent fashion and was not ineffective. Additionally, Lowman has failed to demonstrate any concrete prejudice. Consequently, I recommend that Lowman's motion be denied as procedurally barred by Rule 61(i)(3) for failure to prove cause and prejudice and previously adjudicated under Superior Court Criminal Rule 61(i)(4).

/s/ Andrea M. Freud
Commissioner

AMF/dsc

20