# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| **STATE OF DELAWARE**, | : | |
| | : | |
| v. | : | ID No. 1608024954 |
| | : | |
| **LIAM SCHOFIELD**, | : | |
| | : | |
| Defendant. | : | |

SUBMITTED: October 25, 2023
DECIDED: November 3, 2023

## OPINION AND ORDER
## ON DEFENDANT'S MOTION TO VACATE

*Abolore Jade Oshodi and Nichole Morton, Deputy Attorneys General*, Office of the Attorney General, Wilmington, Delaware, Counsel to the State of Delaware

*Ross Flockerzie and Nicole Schorah, Assistant Public Defenders*, Office of Defense Services, Wilmington, Delaware, Counsel to Liam Schofield.

**Jones, J.**

Liam Schofield ("Defendant") has filed a *pro-se* Motion to Vacate (the "motion") his Sentence.

Defendant, in his motion, does not indicate what Rule he is proceeding under. This Court will treat this request under Superior Court Criminal Rule, specifically under Rule 61(i)(5) which provides relief where a new rule of constitutional law applies which renders the conviction invalid.

## FACTS

On August 31, 2016, officers from Operation Safe Streets were driving on 4th Street in Wilmington when they observed Defendant standing in the street near the Delaware Technical Community College, grabbing at his waistband. The officers, believing that Defendant was displaying the characteristics of an armed gunman, turned their car around and continued to observe him. They saw Defendant pressing his right hand against his waistband and observed an object protruding from under his shirt that appeared to be the butt of a handgun, as he approached Delaware Technical Community College ("Del Tech"). The officers approached Defendant, asked to see his hands, and asked if he was armed; Defendant admitted that he was carrying a firearm but claimed that he had a permit to do so.

When the officers took Defendant into custody, he was found to be in possession of a loaded 9mm Glock handgun, a loaded magazine with 11 rounds of ammunition, a police baton, a fixed knife, and a folding knife. Defendant maintained

that he and his mother had a permit to carry the firearm but later admitted that he did not have a permit and his mother purchased the gun for him. The officers verified Defendant did not have a permit, and that Defendant was a person prohibited from carrying a firearm due to juvenile felony adjudications of: Terroristic Threatening False Statement Caused to Evacuate a Building, and Non-Compliance with Conditions of Bond.[1]

Defendant was indicted on seven felony offenses including: two counts of Possession of a Firearm/Ammunition by a Person Adjudicated Delinquent (11 *Del. C.* §1448), three counts of Carrying a Concealed Deadly Weapon (11 *Del. C.* §1442), Possession of a Deadly Weapon by a Person Adjudicated Delinquent (11 *Del. C.* §1448), and Possession of a Weapon in a Safe School Zone (11 *Del. C.* §1457).

On July 25, 2017, Defendant pled guilty to one count each of Carrying a Concealed Deadly Weapon and Possession of a Weapon in a School Zone. As part of the plea, the State entered *nolle prosequi* on the remaining charges. The Superior Court sentenced Defendant to an aggregate sixteen-year term of incarceration suspended for one year of Level III probation.

Shortly after Defendant was released from Level V and placed on probation, during a home visit by Probation & Parole, Defendant was found to be in possession

---

[1] Defendant now disputes that he was a felon at the time of his 2016 arrest. Whether he was a felon at the time or not is irrelevant to the instant motion as he admits by virtue of his guilty plea that he possessed a weapon in a safe school zone.

of a firearm and ammunition in violation of the terms of Defendant's probation. On September 13, 2017, Defendant was arrested on the new weapons charges (Case ID No. 1709009074) ("the Second Case").

On February 22, 2018, Defendant filed a motion for postconviction relief, *pro-se*, regarding the original July 25, 2017, sentence in this case. Defendant requested and was appointed Postconviction Counsel.

On June 19, 2018, Defendant pled guilty to Possession of Ammunition by a Person Prohibited in connection with the Second Case. At that time, Defendant acknowledged that the conviction for the Second Case would operate as a violation of probation ("VOP") as a matter of law for the Defendant's probation on the Original Weapons Charges.

On June 26, 2018, in connection with the plea agreement on the Second Case and resolution of the VOP, Postconviction Counsel withdrew the pending motion for postconviction relief to allow Defendant to focus on his mental health treatment and probation.

Defendant was sentenced by Order dated July 31, 2018, effective September 14, 2017, in connection with the Second Case and the VOP on the Original Weapons Charges, to Level III Mental Health Court, GPS monitoring.

On September 10, 2018, Defendant renewed his motion for postconviction

relief requesting that the Court rule on the original motion that had been withdrawn.[2]

On January 03, 2019, Defendant's motion for postconviction relief was summarily dismissed by this Court on the merits.[3]

Defendant is currently serving a term of Level III probation stemming from the sixth Violation of Probation in this case.[4]

In his Motion, Defendant asserts that the United States Supreme Court's 2022 decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*[5] renders Delaware's Criminal laws for Carrying a Concealed Deadly Weapon and Possession of a Weapon in a School Zone illegal and unconstitutional, and that his guilty plea to the charges should be vacated, accordingly.

## **ARGUMENT**

Prior to addressing the merits of a postconviction relief claim, the Court must first apply the procedural bars governing the proper filing of a motion for postconviction relief set forth in Criminal Rule 61(i).[6]

The only possible avenue that does not procedurally bar Defendant's claims

---

[2] See herein enclosed as State's A.

[3] See herein enclosed as State's B.

[4] Because Defendant is represented but filed the present Motion *pro se*, the State filed a Motion to Strike, on October 11, 2023, pursuant to De. R. Crim. P. Super. Ct. 47; the State's Motion is pending with the Court.

[5] *New York State Rifle and Pistol Association, Inc. v. Bruen*, 142 U.S. 2111 (2022).

[6] *Maxion v. State,* 686 A.2d 148, 150 (Del. 1996). All references to the rule are to the rule in place at time Defendant filed his motion for postconviction relief. *See Bradley v. State,* 135 A.3d 748, 757 n.24 (Del. 2016).

is Rule 61(i)(5) which allows a claim that pleads with particularity a new rule of constitutional law that is made retroactive to cases which renders the conviction invalid.[7] Defendant relies upon the United States Supreme Court decision in *New York State Rifle & Pistol v. Bruen*, 142 U.S. 2111 (2022) as establishing a new constitutional principle that makes his conviction invalid. *Bruen* does not establish a new Rule of Constitutional Law that invalidate Defendant's conviction.

The *Bruen* decision addresses the constitutionality of a New York state law that required law-abiding citizens to demonstrate a "unique need for self-defense" in order to obtain an unrestricted gun permit. The *Bruen* Court found that requiring law-abiding citizens to make such a showing before issuing a carry permit infringed on their Second Amendment right to bear arms, and that State regulations must comport with a historical understanding of the Second Amendment.[8]

The constitutionality of requiring a permit to carry publicly was not at issue in *Bruen*. It was not raised by the movants nor addressed by the Supreme Court. More importantly, the Supreme Court's in-depth analysis makes clear the legality of certain requirements within gun permit applications makes it clear that state gun laws are not invalid.

> "[t]he Second Amendment right is not unlimited. It is not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose…the Court's opinion

[7] SUPER. CT. CRIM. R., Rule 61(i)(5); Rule 61(d)(2)(ii).
[8] *Bruen* 142 U.S. at 2126-2156.

should not be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms." *District of Columbia v. Heller*, 554 U.S. 570, 626-27 (2008).

In his Motion, Defendant also misapprehends the *Bruen* decision to indicate:

1. Delaware's Possession of a Firearm in a School Zone law is illegal and unconstitutional, and

2. because Defendant was on a sidewalk owned by the city of Wilmington while he was illegally armed in a school zone, the Possession in a School Zone prohibition does not apply to him, as sidewalks owned by the city are not sensitive places.

*Bruen* makes clear the opposite, that Delaware's Possession in a School Zone law is constitutional as schools are "sensitive places" where arms carrying can be prohibited, and "laws forbidding the carrying of firearms in sensitive places such as schools and government buildings" have a longstanding history that is consistent with the Second Amendment.[9]

As no new constitutional principle was announced in *Bruen* that was either

---

[9] *See Bruen,*142 U.S. at 2134; *See also Bruen* at 2162 (Kavannaugh concurring opinion) "[N]othing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons and the mentally ill, or laws forbidding the carrying of firearms in sensitive places such as schools and government buildings, or laws imposing conditions and qualifications on the commercial sale of arms."

applicable to him or his convictions, his motion to vacate must be DENIED.

**IT IS SO ORDERED.**


 */s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Jones