# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,        )
                                 )
v.                            )        **I.D. No. 1711003417**
                                 )        **Cr.A.Nos. IN17-11-0848 & 0842.**
**FRANK J. MINATEE,**        )
                 **Defendant.** )

Submitted: July 1, 2020[1]
Decided: July 31, 2020

## ORDER DENYING MOTION FOR POST CONVICTION RELIEF

This 31st day of July, 2020, upon consideration of the Defendant Frank J. Minatee's *Pro Se* Motion for Postconviction Relief (D.I. 24), his trial/plea counsel's affidavits (D.I. 27), the State's response to those submissions (D.I 31), and the record in this matter, it appears to the Court that:

(1)    In December of 2017, a grand jury returned a 27-count indictment charging Frank J. Minatee in 18 of those counts with: two counts of Drug Dealing (heroin and cocaine); two counts of Conspiracy Second Degree; four counts of Possession or Control of a Firearm During the Commission of a Felony ("PFDCF"); four counts of Possession or Control of a Firearm by a Person Prohibited; two counts

---

[1]   The deadline for submission of Mr. Minatee's reply was extended by the Court to July 1, 2020, to coordinate with the suspension of court-rule deadlines ordered by the Chief Justice via the judicial emergency declaration caused by the COVID-19 pandemic. *See* ADMINISTRATIVE ORDER NO. 7—EXTENSION OF JUDICIAL EMERGENCY, *In Re COVID-19 Precautionary Measures*, at 16 (Del. June 5, 2020) (available at https://courts.delaware.gov/rules/pdf/COVID-19AdminOrderNo7.pdf - last visited July 29, 2020).

of Possession or Control of Ammunition by a Person Prohibited; three counts of Endangering the Welfare of a Child; and, one count Possession of Drug Paraphernalia.[2]

(2)     These offenses arose from a drug investigation that led to the execution of a search warrant at an apartment Mr. Minatee shared with his codefendant on North Harrison Street in Wilmington.  When the police arrived, they found Mr. Minatee in one of the apartment's bedrooms; two women and three children were located elsewhere in the apartment.  While executing the warrant, the police also found cocaine, marijuana, drug paraphernalia, two firearms, cash, and multiple cell phones.[3]

(3)     On May 17, 2018, Mr. Minatee pleaded guilty to one count of cocaine dealing and one PFDCF count in exchange for dismissal of the remaining indicted charges and a favorable sentence recommendation by the State (no more than the applicable 12½-year minimum).[4]

---

[2]   Indictment, *State v. Frank Minatee*, ID No. 1711003417 (Del. Super. Ct. Dec. 18, 2017) (D.I. 2).

[3]   State's Resp. to Mot. for Postconviction Relief, at 1-2, *State v. Minatee*, ID No. 1711003417 (Del. Super. Ct. Mar. 18, 2020) (D.I. 31).

[4]   Plea Agreement and TIS Guilty Plea Form, *State v. Frank Minatee*, ID No. 1711003417 (Del. Super. Ct. May 17, 2018) (D.I. 13).

(4)     Mr. Minatee's sentencing occurred several months later, after a pre-sentence investigative report had been prepared and the State had filed a habitual criminal petition.  He was sentenced as follows: (a) for cocaine dealing—eight years at Level V, suspended for eight years at Level IV, suspended after six months at Level IV–DOC Discretion, for 18 months at Level III, hold at Level V until space is available at Level IV; (b) for PFDCF—12½ years at Level V (to be served under the provisions Habitual Criminal Act).[5]  Mr. Minatee's 12½-year term of unsuspended imprisonment is comprised wholly of a minimum term of incarceration that must be imposed and cannot be suspended.[6]

(5)     Cathy A. Johnson, Esquire represented Mr. Minatee through all pre-trial and plea proceedings in this Court.[7]

(6)     Mr. Minatee filed no direct appeal from his convictions or sentence.

---

[5]     Sentencing Order, *State v. Frank Minatee*, ID No. 1711003417 (Del. Super. Ct. August 24, 2018) (D.I. 21).

[6]     DEL. CODE ANN. tit. 11, §§ 1447A(a) and 4201(c) (2017) (PFDCF is a class B violent felony); *id*. at tit. § 4205(b)(2) (statutory maximum sentence for a class B felony is 25 years imprisonment); *id*. at § 4214(b) ("Any person who has been 3 times convicted of a felony . . . and who shall thereafter be convicted of a subsequent felony, which is the person's first Title 11 violent felony . . . shall receive a minimum sentence  of 1/2 of the statutory maximum penalty provided elsewhere in [Title 11] . . . for the subsequent [Title 11 violent felony] which forms the basis of the State's petition to have the person declared to be an habitual criminal. . . .").

[7]     *See* Aff. of Cathy A. Johnson, Esquire, *State v. Minatee*, ID No. 1711003417 (Del. Super. Ct. Dec. 19, 2019) (D.I. 27).

(7)    Mr. Minatee filed this first and timely motion for postconviction relief under Superior Court Criminal Rule 61.[8]

(8)    Delaware courts must consider Rule 61's procedural requirements before addressing any substantive issues.[9]   Here, there are no procedural bars to consideration of Mr. Minatee's postconviction claims.

(9)    In whole, Mr. Minatee suggests in his motion that his counsel provided ineffective assistance because:

> (a)    "Lacking *Brady* Material—I  never got to see or hear video or audio evidence against me or read any statements made against me";
>
> (b)    "Denied Motions—Counsel never filed any motions I requested such as a motion to compel and motion to suppress"; and
>
> (c)    "Lacking Defense—Never had any unified theory to a defense of the charges brought against me."[10]

---

[8]    Mot. for Postconviction Relief, *State v. Minatee*, ID No. 1711003417 (Del. Super. Ct. Aug. 26, 2019) (D.I. 22).  He also requested appointment of postconviction counsel. D.I. 23.  Applying as it must the provisions of Criminal Rule 61(e)(2) which govern such requests, the Court denied Mr. Minatee's motion for appointment of counsel. D.I. 26.

[9]    *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996); *State v. Jones*, 2002 WL 31028584, at *2 (Del. Super. Ct. Sept. 10, 2002).

[10]    Mot. for Postconviction Relief, at 3.  The Court says "in whole" because Mr. Minatee has failed to file any supporting memorandum, amendment, or even the reply the Court specifically provided for in its scheduling order. Scheduling Order, *State v. Frank Minatee*, ID No. 1711003417 (Del. Super. Ct. August 24, 2018) (D.I. 28).  And the Court has ensured that Mr. Minatee was allowed more than sufficient time to file such.  *See* n.1, *supra*.

(10) An inmate who claims ineffective assistance of counsel must demonstrate that: (a) his defense counsel's representation fell below an objective standard of reasonableness, and (b) there is a reasonable probability that but for counsel's errors, the result of the proceeding would have been different.[11] When addressing the prejudice prong of the ineffective assistance of counsel test in the context of a challenged guilty plea, a defendant must show "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[12]

(11) There is always a strong presumption that counsel's representation was reasonable,[13] and "[i]t is not this Court's function to second-guess reasonable [ ] tactics" engaged by trial or plea counsel.[14] Too, one claiming ineffective assistance "must make specific allegations of how defense counsel's conduct actually prejudiced the proceedings, rather than mere allegations of ineffectiveness."[15] And

---

[11] *Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see also Alston v. State*, 2015 WL 5297709, at *3 (Del. Sept. 4, 2015).

[12] *See Albury v. State*, 551 A.2d 53, 59 (1988); *Sartin v. State*, 2014 WL 5392047, at *2 (Del. Oct. 21, 2014) (citing *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985)); *State v. Hackett*, 2005 WL 3060976, at *3 (Del. Super. Ct. Nov. 15, 2005).

[13] *See Wright v. State*, 671 A.2d 1353, 1356 (Del. 1996).

[14] *State v. Drummond*, 2002 WL 524283, at *1 (Del. Super. Ct. Apr. 1, 2002).

[15] *Alston*, 2015 WL 5297709, at *3 (citing *Wright,* 671 A.2d at 1356); *Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)); *Zebroski v. State*, 822 A.2d 1038, 1043 (Del. 2003).

an inmate must satisfy the proof requirements of both prongs—deficient attorney performance and resulting prejudice—to succeed in making an ineffective assistance of counsel claim. Failure to do so on either prong will doom the claim, and the Court need not address the other.[16]

(12) As for the prejudice prong,[17] Mr. Minatee is required to "plead his allegations of prejudice with particularity."[18] And again, to successfully challenge his guilty plea now, Mr. Minatee "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."[19]

(13) Mr. Minatee never alleges that but for Ms. Johnson's asserted omissions he would have insisted on going to trial. Mr. Minatee does not identify with particularity any potentially meritorious motion his attorney failed to file. Nor does Mr. Minatee identify what possible "unified theory" Ms. Johnson could have

---

[16] *Strickland,* 466 U.S. at 697; *Ploof v. State*, 75 A.3d 811, 825 (Del. 2013) ("*Strickland* is a two-pronged test, and there is no need to examine whether an attorney performed deficiently if the deficiency did not prejudice the defendant."); *State v. Hamby*, 2005 WL 914462, at *2 (Del. Super. Ct. Mar. 14, 2005).

[17] *Nastatos v. State,* 2019 WL 7041891, at *3 (Del. Dec. 20, 2019) ("'[A] court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies.'").

[18] *State v. Ellerbe*, 2016 WL 4119863, at *3 (Del. Super. Ct. Sept. 26, 2017).

[19] *State v. Dillard*, 2019 WL 118437, at *3 (Del. Super. Ct. Jan. 4, 2019) (quoting *Albury v. State*, 551 A.2d 53, 59 (Del. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 58 (1985)).

formulated that would have caused him to reject the very favorable plea offer that spared him decades in prison as a habitual criminal and instead insist on trial. In short, Mr. Minatee has made no real effort to demonstrate there is a reasonable probability that he would have decided to take a different course.[20] He has, therefore, failed to plead prejudice with any particularity. And on this basis alone – *i.e.*, failure to demonstrate prejudice—Mr. Minatee's application seeking vacatur of his guilty plea must be denied.[21]

(14) Even if the Court were required to address Mr. Minatee's claims about Ms. Johnson's performance—which it is not[22]—his complaints are wholly unsupported by the record. Mr. Minatee provides neither support for his assertions nor an adequate explanation as to what may have been missed.

---

[20] And the record suggests quite the opposite; in the midst of Ms. Johnson's investigation of various strategies and motions it was Mr. Minatee who initiated communications that he wanted to accept a plea offer. Aff. of Cathy A. Johnson, Esquire, at 2. It was only after full and thorough discussions of all Mr. Minatee's options that he "opted to take a plea offer rather than risk losing at trial and facing 103 years and 9 months of incarceration." *Id.* at 3.

[21] *See State v. McGlotten*, 2011 WL 987534, at *4 (Del. Super. Ct. Mar. 21, 2011) ("To restate the requirements of *Strickland,* a defendant must establish two things, not just one: that trial counsel's performance was deficient and that but for that deficiency, the outcome of the proceedings would have been different. If a defendant cannot establish both prongs, then the ineffective assistance of counsel claim fails.") (emphasis in original); *see also Monroe v. State*, 2015 WL 1407856, at *5 (Del. Mar. 25, 2015) (citing *Dawson v. State*, 673 A.2d 1186, 1196 (Del. 1996)) ("[F]ailure to state with particularity the nature of the prejudice experienced is fatal to a claim of ineffective assistance of counsel.").

[22] *Nastatos,* 2019 WL 7041891, at *3 ("When conducting an analysis under *Strickland*, there is no specified order and if there is an insufficient showing on one prong, there is no need to address the other.").

(15) "A defendant's conclusory allegations of ineffective assistance of counsel do not establish that his counsel's representation was objectively unreasonable."[23] And contrary to Mr. Minatee's contentions, the record evidence clearly demonstrates that Ms. Johnson discussed defense strategies, discovery, and potential motions with Mr. Minatee on several occasions.[24] While video and audio recordings were not sent to him while he was detained awaiting trial, Ms. Johnson discussed the video evidence, photographs, and all other discovery with Mr. Minatee prior to his entry of his guilty plea.[25] There is no doubt that Ms. Johnson more than fulfilled the obligations expected of competent counsel.

(16) The guilty plea colloquy confirms that Mr. Minatee's decision to enter a guilty plea was knowing, voluntary, and the product of an intelligent decision made with an adequate opportunity to discuss all aspects of his case with Ms. Johnson.[26] Indeed, during his plea colloquy, Mr. Minatee—who was no stranger to a criminal court—acknowledged that he and Ms. Johnson fully discussed the case, and that he

---

[23] *State v Adkins,* 2019 WL 3202254, at *3 (Del. Super. Ct. July 16, 2019); *State v. Harrell,* 2017 WL 2418278, at *2 (Del. Super. Ct. Jun. 5, 2017); *Sartin*, 2014 WL 5392047, at *2.

[24] Aff. of Cathy A. Johnson, Esquire, at 1–2.

[25] *Id*. at 2.

[26] Plea Colloquy Tr., *State v. Minatee*, ID No. 1711003417 (Del. Super. Ct. May 17, 2018) (D.I. 30).

was satisfied with Ms. Johnson's representation.[27] There being no clear and convincing contrary evidence, Mr. Minatee is bound by his answers recorded on the guilty plea forms and given during his plea colloquy.[28]

(17) Mr. Minatee has not carried his burden of demonstrating that Ms. Johnson's representation fell below an objective standard of reasonableness or that, but for her alleged errors, he would not have pleaded guilty and instead proceeded to trial. So, Mr. Minatee's Motion for Postconviction Relief must be **DENIED.**

**SO ORDERED this 31st day of July, 2020.**

*/s/ Paul R. Wallace*

**Paul R. Wallace, Judge**

Original to Prothonotary

---

[27] Plea Colloquy Tr., at 31.

> THE COURT: Did you also discuss with her, the evidence in your case, any defenses you believe you may have, and ask any questions so that you fully understand what you're doing here today?
>
> MR. MINATEE: Yes.
>
> THE COURT: Are you satisfied with Ms. Johnson's representation of you?
>
> MR. MINATEE: Yes.
>
> THE COURT: Do you believe that she's done all she could reasonably do for you in relation to the charges that you face?
>
> MR. MINATEE: Yes.

[28] *See Somerville v. State*, 703 A.2d 629, 632 (Del. 1997); *Smith v. State*, 1996 WL 21050 (Del. Jan. 5, 1996).

cc:  Mr. Frank J. Mr. Minatee, *pro se*
     Timothy G. Maguire, Deputy Attorney General
     Cathy A. Johnson, Esquire