**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

STATE OF DELAWARE )
)
v. )
)
JAMES DEMBY, )
) I.D. No. 2305005404
Defendant. )
)
)

Date Submitted: August 21, 2025
Date Decided: November 12, 2025

## ORDER

Having considered Defendant's Motion for Postconviction Relief,[1] it appears

to the Court that:

1. On May 10, 2023, Defendant was arrested after the New Castle County Police

Department found 315 bags of Fentanyl, 3.34 grams of cocaine, a digital scale, and

drug packaging material in Defendant's motel room.[2]  Defendant was indicted for

drug dealing (two counts) and possession of drug paraphernalia (one count).[3]

2. Following his arrest, the Court appointed counsel to represent Defendant.  On

November 20, 2023, during a final case review, Defendant waived his right to

counsel and asked the Court to proceed *pro se*.  After a colloquy on December 14,

---

[1] D.I. 30 (Aug. 14, 2025).
[2] Preliminary Hearing Tr., *State v. Demby*, I.D. No. 2305005404 (May 18, 2023).
[3] D.I. 19 (Jan. 2, 2024).

2025, the Court granted Defendant's request to represent himself and Defendant signed the written waiver form.[4] The Court also ordered appointed counsel to be prepared as standby counsel.

3. On January 5, 2024, Defendant waived his right to a jury trial and the Court held a bench trial.[5] Defendant appeared *pro se* for his trial, which was held on January 8, 2024. That same day, Defendant was found guilty on all counts. On May 15, 2024, the Court declared Defendant a habitual offender under 11 *Del. C.* § 4214(a) and sentenced Defendant to a total of 33 years at Level V, suspended after 10 years at Level V for decreasing levels of probation.[6]

4. On August 14, 2025, Defendant filed a motion for postconviction relief under Superior Court Criminal Rule 61. Defendant argues that he is entitled to relief because: (1) standby counsel was ineffective for failing to notify Defendant of the time for filing a direct appeal; and (2) the Court committed plain error by failing to notify Defendant of the time for filing a direct appeal and facilitate the appeal process.[7] Defendant contemporaneously filed a motion for appointment of counsel.[8]

---

[4] D.I. 12 (Dec. 14, 2023).
[5] D.I. 15 (Jan. 5, 2024).
[6] D.I. 29 (May 15, 2024).
[7] D.I. 30 (Aug. 14, 2025).
[8] D.I. 31 (Aug. 14, 2025).

5. This is Defendant's first motion for postconviction relief. As a preliminary matter, the Court considers whether the motion is procedurally barred under Rule 61(i).[9] Of the four procedural bars, timeliness is at issue here.

6. Rule 61(i)(1) states that

> [a] motion for postconviction relief may not be filed more than one year after the judgment of conviction is final or, if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right is first recognized by the Supreme Court of Delaware or by the United States Supreme Court.

7. The Court finds that Defendant's motion for postconviction relief is untimely. Defendant was sentenced on May 15, 2024, and did not file a direct appeal. Therefore, his conviction was final on June 15, 2024. Defendant filed the instant motion for postconviction relief on August 14, 2025—more than one year after judgment of conviction was final. Moreover, Defendant does not assert a retroactively applicable right.

8. Even if the Court considered Defendant's arguments on the merits, his claims are unpersuasive.

9. First, Defendant cannot claim that standby counsel was ineffective for failing to notify him of the 30-day time limit for filing a direct appeal. The first element of an ineffective assistance of counsel claim requires a showing that "counsel's

---

[9] *Maxion v. State*, 686 A.2d 148, 150 (Del. 1996) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

*representation* fell below an objective standard of reasonableness."[10]  Because standby counsel did not represent the Defendant during trial, standby counsel could not have been ineffective.

10.  Second, the Court is neither responsible for notifying criminal defendants of the time for filing an appeal nor facilitating that process.

11. Having found that Defendant's motion for postconviction relief is procedurally barred, the motion for appointment of counsel is moot.

12. In conclusion, for the foregoing reasons, Defendant's Motion for Postconviction Relief is **DENIED**.


     **IT IS SO ORDERED.**


                           ***/s/ Calvin Scott***
                           Judge Calvin L. Scott, Jr.

---

[10] *Strickland v. Washington*, 466 U.S. 668, 688 (1984) (emphasis added).